CASE 19————————JUNE 23.

## Combs, &c. vs. Jefferson Pond Draining Company.

APPEAL FROM JEFFERSON CIRCUIT COURT.

It has long been the established rule, subject to no exception, that the right to relief by appeal from a final judgment exists only in favor of a party whose substantial rights have been prejudiced by the judgment appealed from. This rule is recognized and re-enacted by the Civil Code. (*Civil Code, secs.* 161, 896.)

The order of the circuit court establishing the boundary of the corporation styled the Jefferson Pond Draining Company, is not, of itself, prejudicial to the substantial rights of proprietors of land within the boundary, (being a mere preliminary step in the organization of the corporation,) and therefore is not subject to reversal.

WALKER MORRIS, for appellants, cited 2 *Mass. R.*, 269; *Constitution of Ky.*, art. 4, sec. 2; *Civil Code*, sec. 15; 9 *Dana*, 513; 9 *B. Mon.*, 330; *Ib.*, 526; 13 *Ib.*, 1; 15 *Ib.*, 491; 2 *Met.*, 350; 4 *Burr.*, 2199; *Civil Code*, sec. 675; act incorporating the Pond Draining Company.

G. A. & I. CALDWELL, for appellees, cited *act of incorporation*, approved *February* 15, 1858; 15 *B. Mon.*, 154; 9 *Ib.*, 330; *Ib.*, 526; 9 *Dana*, 513; 2 *B. Mon.*, 177; 5 *Ib.*, 199; 13 *Ib.*, 22; 2 *Met.*, 350; *Churchill vs. Jefferson Pond Draining Co., MS. opin., May,* 1840.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The 4th section of the act under which this proceeding was instituted, directs a survey to be made of the outward boun-

dary of the ponds to be drained; that a meeting of the proprietors shall be called, and they shall have a right to accept the charter and petition the Jefferson circuit court to establish the boundary of the corporation; and said court on receiving the petition, shall have power to establish or to modify the boundary if good cause to that effect shall be shown by the proprietors of said land residing within the boundary.

This petition was filed by a portion of the proprietors, who allege that a boundary had been surveyed, and that a majority of the owners of lands within the boundary had accepted the charter, and they pray that the boundary of the corporation be established, with a modification suggested in the petition.

Certain others of the proprietors included in the boundary filed a response to the petition, objecting to any action of the court in the matter, upon the ground that the company had not been organized in pursuance of the charter; that the charter had never been legally accepted; and that the power of taxation which it authorizes would operate unequally and oppressively upon them, and that the act is therefore unconstitutional.

The court made an order establishing the boundary as reported by the surveyor, and refusing to make the modification asked by the petitioners.

From that order the remonstrants have appealed.

The first question presented by the record, and the only one necessary to be decided, is whether the appellants show themselves entitled to any relief in this court, even if the errors and irregularities in the proceedings of which they complain were admitted.

It might be conceded that the order establishing the boundary of this corporation is, strictly speaking, a judicial decision, and is embraced within the class of "final orders or judgments" over which jurisdiction is conferred upon this court by the Civil Code. Still the duty, or even the power, of this court to revise such order would by no means follow. For it has long been the established rule, subject to no exception, that the right to relief by appeal from a final judgment exists only in favor of a party whose substantial rights have been prejudiced by the judgment appealed from. The Civil Code, so far from

having modified this rule, has expressly recognized and re-enacted it in every provision relating to the subject.

"The judgment may be reversed or modified for any error appearing on the record, to the prejudice of the appellant or cross-appellant." (*Sec.* 89.)

"The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect." (*Sec.* 161.)

The question then is, does the record before us show that any error has been committed, the effect of which is to affect prejudicially any of the substantial rights of the appellants or either of them?

We have seen that the only power conferred by the act upon the Jefferson circuit court, was merely to establish or to modify such boundary as might be asked for in the petition. That power, and that alone, has been exercised by the court in the order complained of. Of what *right* has that order deprived the appellants, or what right of either of them has it *prejudiced* or *affected* in any way? The establishment of the boundary is a mere preliminary step in the legal organization of the corporation. It may never proceed further in the prosecution of the purpose for which it was created. The whole scheme may be, or may already have been, found impracticable, and therefore abandoned by its projectors. The power conferred by the 6th section of the charter, "to raise money by taxation on the lands of the proprietors within the boundaries of said corporation from year to year," has not been exercised, nor, so far as this record shows, has there been an effort or any attempt on the part of the corporation to enforce this power, the only power granted by the act the exercise of which could operate to prejudice the substantial rights of the appellants.

The petitioners have so far done nothing more than to have located, by the appointed agency, an ideal line, merely intended to define the external limits of the territory which may hereafter be, (but which certainly has not yet been,) subjected

to the exercise of the rights and powers conferred upon the corporation. Suppose no tax should hereafter be assessed against the appellants, and that no attempt should be made to coerce any contribution from them for the purposes of the enterprise, would it not be preposterous to say that the mere organization of the company, or the mere establishment of the external boundaries of the corporate territory, had operated or could operate as an infraction of their substantial rights?

The main grounds of objection to the order sought to be revised are, as already stated, that the charter had not been legally accepted, and that the burthens it imposed could not be legally or constitutionally enforced against the appellants, who did not agree to accept the charter, and who were therefore not bound by the unlawful and irregular acts of the petitioners. These objections, and others of like character, are obviously premature. They may be much more appropriately urged, in this court at least, against any attempt that may be hereafter made by the corporation to exercise the power of taxation conferred by the act, or to do some other act injurious or prejudicial to some substantial right of the appellants.

Upon the ground, and for the reasons indicated, the order appealed from cannot be reversed, and it is therefore affirmed.