PORTER et al. vs. SINGLETON.

SUPERSEDEAS BOND: *Liability of sureties.*

 Singleton sued Neal and two others; judgment against defendants. Appeal to this court with supersedeas bond; judgment affirmed as to the two, and set aside as to Neal for the want of service. Suit on supersedeas bond and plea by sureties that the judgment was not affirmed. *Held,* that Neal, not having been served with process, was not prejudiced by the judgment and could not prosecute the appeal, and that on affirmance of the judgment as to the two, the sureties became liable.

APPEAL from *Phillips* Circuit Court.

Hon. M. L. STEPHENSON, Circuit Judge.

*Palmer & Sanders,* for appellants.

*Pindalls,* for appellee.

COMPTON, Sp. J. In this case, Singleton recovered judgment in the Phillips circuit court, against Porter and Underwood, on a supersedeas bond executed by them, on appeal to this court, in the case of *Neal et al. v. Singleton,* 26 Ark., 491, from which judgment Porter and Underwood appealed.

The bond recites that, "Whereas, the appellants, I. Stutt Neal,

Rube E. Neal and John S. Woolfolk are about to take an appeal from the judgment of the Desha circuit court, rendered at the October term, 1869, against them, in favor of the appellee, John P. Singleton, for the sum of fifteen hundred dollars and costs, and the appellant desires to supersede said judgment; now Edward Porter and Q. K. Underwood, sureties, covenant with the said appellee that the said appellant will pay to the appellee, all costs and damages that may be adjudged against the appellants on the appeal; and also, that they will satisfy and perform said judgment in case it shall be affirmed," etc.

It is urged for the appellants that the judgment referred to, was not affirmed; and that, therefore, they are not liable on the bond. The mandate of this court, which was read in evidence on the trial in the court below, contains the following language: "The court is of opinion that there is no error in the proceedings and judgment of said circuit court in this cause; it is therefore considered by the court that the judgment of said circuit court in this cause rendered, be and the same is hereby, in all things affirmed with costs, as to I. Stutt Neal and John S. Woolfolk," saying nothing as to Rube E. Neal, in regard to whom, it is insisted, there should also have been an affirmance. But, considering the mandate, as we must, with reference to the principles announced in the opinion of the court preceding it (*Watson v. Avery*, 3 Bush., 641), we find that the judgment appealed from in *Neal et al. v. Singleton*, *supra*, was decided to be a judgment against I. Stutt Neal and Woolfolk only, and not against Rube E. Neal, who, though sued, was not served with process and did not appear to the action. In that case the chief justice said: The next question arising is, Can Rube E. Neal be heard as to any matter appearing in this record? We are of opinion that the right to relief by appeal from a final judgment exists only in

favor of the parties whose substantial rights have been prejudiced by the judgment appealed from (3 Met., 72). We have already said that Rube E. Neal was not legally summoned before the court; it follows, therefore, that there is no legal judgment, and there can be no legal judgment rendered against him by the court below. This being true, his substantial rights are not prejudiced by the judgment, and it follows that he cannot prosecute this appeal."

The court then proceeded to examine the questions arising as to I. Stutt Neal and Woolfolk, and finding nothing in the record, "that would warrant a reversal," affirmed the judgment. Thus it clearly appears that the judgment of the circuit court, in *Neal et al. v. Singleton*, was affirmed; and the liability of the appellants in the case, now before us, follows as a consequence.

And it appearing that the judgment of the court below has been superseded, the same is affirmed with costs and ten per cent. damages, and it is ordered that a judgment be entered in this court, on the supersedeas bond, against Arthur Thompson and C. Polk, the sureties in said bond, for the amount due on said judgment, with the costs and damages aforesaid and that the same be certified to the court below to be carried into effect.

STEPHENSON, J., being disqualified, did not sit in this case.