FLANDERS AND ALS., AP'TS, *v.* LANE AND ALS., APP'EE.

The heirs at law, or other persons interested in the estate of a deceased person, are entitled to have the administrator cited in to account for moneys for which he ought to be charged, if the records of the probate court do not show that the error complained of was considered and adjudicated upon settlement of his administration account, although more than two years may have elapsed since such settlement without an appeal having been taken or petitioned for.

In such case, the records of the probate court are the only evidence admissible to show whether the matter, on account of which it is sought to charge the administrator, was considered and adjudicated. Parol evidence is inadmissible.

APPEAL from the decree of the probate court of this county.

The appellants set forth that on the fourth Tuesday of April, 1872, they presented their petition to the judge of probate, representing that the property of the estate consisted principally of a house and lot in Concord; that Samuel G. Lane, who is executor of the will of Sarah Huse, by virtue of a license from the judge of probate, sold at auction, Dec. 4, 1868, the house and lot; that said Lane, acting or professing to act for the benefit of the estate, bought the life estate of John Huse, the husband of the testatrix, Dec. 3, 1867, for $25, and took a conveyance of the same to his father-in-law, Moulton H. Marston, and that Marston, Nov. 2, 1868, conveyed the same to Lane, leaving the name of the grantee blank in the deed for the purpose of enabling Lane to give a perfect title to the premises to the purchaser; that Lane advertised and sold the premises at auction Dec. 4, 1868, subject to the estate of John Huse therein; that previous to the sale Lane requested his brother-in-law, Wm. A. Heard, to bid off the premises, and disclosed to him the existence of the deed from Marston, and promised him that if he would bid off the property he could have the benefit of the title of John Huse,—all which Lane concealed from others; that, as a consequence, others refused to buy said property, subject to the interest of John Huse; that the same was struck off to said Heard for $425; that it would have brought $800 if it had been sold free from incumbrance; that said Heard bid off the property for the benefit of said Lane, and so said Lane defrauded said estate and the petitioners of the sum of $375; that when he settled his administration account in March, 1869, he was charged with said sum of $425; that said sum of $375, or whatever said sum be of which said Lane defrauded the estate, was, by accident and mistake, omitted and left out, and has never been accounted for by him—and praying that he might be held to answer for said latter sum, and the same be added to the assets of the estate and distributed by decree; that, at a probate court holden on the fourth Tuesday of December, 1872, the prayer of said petition was denied, and the plaintiffs, feeling themselves aggrieved, appeal from said decree to this court, and assign as the reason of their appeal that the prayer of said petition should have been granted.

The defendants move that the appeal be dismissed, for the following reasons:

1. That the decree of December, 1872, is not a decree contemplated by statute from which an appeal is provided, and it concludes no existing rights or interests of either party to the decree.

2. That the appeal claimed is in effect and in law an appeal from the decree of 1869, and cannot be granted, not having been claimed within two years from the rendering of the decree, and does not set forth the

causes of delay, and in these respects is not in conformity to the statute granting appeals.

3. That the decree of March, 1869, having never been reversed or annulled in any way, and having been rendered by a court of competent jurisdiction, is still binding, and a bar or estoppel to this and all other proceedings upon the same subject-matter and between the same parties.

*Flint*, with whom was *Blanchard*, for the appellants.

*Marshall & Chase*, for the appellees.

ISAAC W. SMITH, J.   The case *Judge of Probate* v. *Lane*, reported 50 N. H. 556, and 51 N. H. 342, is substantially between the same parties as this case, and is still in court awaiting the result of this appeal.   It is a suit upon the administration bond of these defendants.   They pleaded to that action for a second plea *omnia performavit*.   The plaintiff in his second replication to this plea set forth the same matters, substantially, that are alleged in this petition.   To this replication the defendants demurred.   The demurrer was overruled, the whole court holding the matter set forth to be a breach of the condition of the bond.   The demurrer admitted the truth of the replication, so far as well pleaded.   The defendants not amending their pleadings, the penalty of the bond was adjudged forfeited, and judgment has been rendered against the defendants for such penalty.

The questions involved in this case have been repeatedly settled in this state and elsewhere.   *Allen* v. *Hubbard*, 8 N. H. 487 ; *Bryant* v. *Allen*, 6 N. H. 116 ; *Judge of Probate* v. *Briggs*, 3 N. H. 309 ; *Stetson* v. *Bass*, 9 Pick. 27 ; *Stearns* v. *Stearns*, 1 Pick. 157 ; *Field* v. *Hitchcock*, 14 Pick. 405 ; *Kittredge* v. *Betton*, 14 N. H. 401 ; *Clarke* v. *Clay*, 31 N. H. 393 ; *Stark* v. *Gamble*, 43 N. H. 467 ; *Bard* v. *Wood*, 3 Met. 74.

As we understand these decisions, it is not that the mistake or error complained of should appear from the records of the probate court, for very seldom would the records themselves show it, especially where the conduct of the administrator was fraudulent ; but it is when the heir or other person interested comes before the court and complains that the administrator, when he settled his account, neglected, either purposely or by accident, to charge himself with a certain sum, and asks that he may be cited in to settle a new account in order that the error may be corrected.   If the court in such a case, upon turning to the record, finds that it does not show that the error complained of was considered and adjudicated, the complainant is entitled to have the administrator called in for the purpose of correcting it if the matter complained of is established, and parol testimony cannot be received to establish the fact whether the error complained of was or was not considered.   If the record shows that it was, and the time for appealing has elapsed, the complainant has no remedy.   If the record does not show that it was, he is entitled to a hearing before the probate

court; and if he succeeds in establishing that there was such error or mistake, he is entitled to have it corrected; and if the decision of the probate court is against him, n appeal lies to this court if seasonably taken.

In *Allen* v. *Hubbard* the administrator accounted for two thirds of the rent of the farm of the deceased, and the record so showed. The heir, seventeen years afterwards, claimed that he should account for the other third. There was nothing in the record to show that the other third of the rent had been considered and adjudicated. There was nothing in the record to show that the intestate owned more than two thirds, undivided, of the farm. From anything that appeared, the administrator had accounted for all that he ought to have accounted for. But when, upon the application made to the court seventeen years later, it was made to appear that the administrator should have accounted for the whole rent, the court said " it was manifest that the appellee had received $340 for which he ought to have accounted, but for which he had not." " Manifest" how? Not by the record, but by the evidence then before the court. The court did not look to the record to see if the error appeared there, but whether it had been considered and adjudicated.

In *Judge of Probate* v. *Briggs* the question was, whether the administrator had accounted for $50.76; and it is expressly stated in the decision that it did *not appear* by the account settled that any claim was made for this sum at the time of the settlement. The judge of probate had decided that this sum had been considered by the judge of probate, and accounted for. In the trial before the jury in the suit upon the bond, the court rejected parol evidence to prove the decision, and the plaintiff recovered a verdict and judgment.

In *Kittredge* v. *Betton*, the settlement between the guardian and his ward being considered as in probate court, it is apparent, from the report of that case, that the errors, mistakes, omissions, and over-charges complained of did not appear from the record,—that is, from the account as settled between the parties.

In *Clarke* v. *Clay*, the administrator had been credited in his settlement with the heir as having paid him $500; but no such sum had been paid him, and the error there complained of did not appear from the record,—that is, from the account as settled between the parties: and the same is true in *Stark* v. *Gamble*.

In the case before us, the executor Lane, under a license from the court of probate, sold the real estate, subject to the life estate of John Huse, for the sum of $425, for which sum he has been charged. The petitioners now seek to have him charged in effect for the value of the life estate of John Huse, or for the difference between $425 and the sum for which the real estate would have sold, if it had not been sold subject to the life estate. The question is, whether the petitioners are precluded by the records of the probate court from asserting this claim. The demurrer to the plaintiff's second replication to the plea of *omnia performavit* in *Judge of Probate* v. *Lane*, so far as the same was well

pleaded, admitted that the sale of the lot to Heard by the executor was in trust for his own benefit as alleged; but that is not enough. The record must be examined to see if this claim has been considered and adjudicated. What, then, is the record?

In said second replication, it is alleged that "Lane petitioned for said license, and sold said house and lot subject to the said life estate of John Huse." It appears from the account which Lane settled in probate court in March, 1869, as reported in same case in 51 N. H. 344, that he was charged for "cash accruing from the sale of real estate by license, $425.00." As he asked for and obtained license to sell subject to the life estate of John Huse, and sold subject to said life estate, we are unable to understand how the words in his account, " cash accruing from the sale of real estate by license," can be construed to cover anything beyond what he had license to sell and did sell. There is nothing in the words themselves to show what real estate he sold, whether the whole estate, or the estate in remainder. There is nothing in the record that shows that Lane was charged with the value of John Huse's estate, or that there was any claim made that he should be so charged, or that it was in any way considered or adjudicated; but, on the contrary, the petition for leave to sell, the decree thereon, the license, and the return of sale, so far as they are before us, show that it was the estate subject to the life estate that was sold.

In *Allen* v. *Hubbard*, the administrator, as appeared by the record, had accounted for two thirds of the real estate, leaving one third to be accounted for. So, here, as appears by the record, the administrator has accounted for the proceeds of the sale of a part of the real estate, to wit, the estate subject to the life estate, leaving the difference between the value of the whole estate after extinguishing the life estate, and the sum of $425, to be accounted for.

The defendants, in their brief, claim that if the decision of the probate court had been in favor of the petitioners, they (the petitionees) could have appealed therefrom; but it having been in their favor, they deny that the petitioners have any right of appeal. It is not necessary for us to consider whether there could be such a case, where one party would have the right of appeal and not both; and we express no opinion upon the question.

An auditor must be appointed to ascertain for what sum the administrator should be charged in the sale of the real estate, beyond the sum of $425 already accounted for.

*Motion to dismiss denied.*