## PILLOW *v.* HODGE.

Opinion delivered December 11, 1916.

APPEALS—VERDICT FOR ONE OR TWO DEFENDANTS—LIABILITY OF SURETIES ON APPEAL BOND.—Appellant sued H and C on an account, in justice court, and recovered judgment against both defendants. Both H. and C. appealed and gave an appeal bond in statutory form with B. and S. as sureties. In the circuit court there was a verdict and judgment against H. but for C. *Held*, the appeal bond was a joint and several obligation and constituted an undertaking on the part of all the parties thereon to perform the judgment of the court, and the exoneration of C. by the verdict of the jury did not release the sureties from their undertaking to perform any judgment rendered against H. on the appeal.

Appeal from Poinsett Circuit Court; *S. T. Mays,* Special Judge; reversed.

*Mardis & Mardis,* for appellant.

1. Plaintiff was entitled to judgment on the supersedeas bond against the sureties, when the judgment was affirmed. Kirby's Digest, §§ 4420, 4684; 28 Ark. 483-4; 2 R. C. L., § 269; 31 Ark. 194. Judgment should be entered here against said sureties.

McCULLOCH, C. J. Appellant sued the appellee, John Hodge, and one Cross, asserting against them a claim of joint liability on an account for merchandise alleged to have been sold to them. The case was originally instituted before a justice of the peace, and appellant recovered judgment against both of the defendants. Both of the defendants took an appeal to the circuit court, and gave an appeal bond in statutory form, with R. Bailey and J. R. Stafford, as sureties. The case was tried in the circuit court on appeal, and the jury returned a verdict in appellant's favor against Hodge, but in favor of the defendant Cross as to his liability for the debt.

There was a garnishment in the case, and after the judgment was rendered by the justice of the peace, the money was paid into court by the garnishee, but it appeared that the money belonged to defendant Cross, and the circuit court ordered it refunded to him.

Appellant moved for a judgment against the sureties on the supersedeas bond, which motion the court over-ruled, and an appeal has been prosecuted to this court.

The appeal bond executed by appellee Hodge and his co-defendant, with sureties, was a joint and several obligation and constituted an undertaking on the part of each of them to perform the judgment of the court. Hence the exoneration of Cross by the verdict of the jury did not release the sureties from their undertaking to perform any judgment rendered against Hodge on the appeal. *Porter* v. *Singleton*, 28 Ark. 483. The court erred, therefore, in refusing to give appellant judgment against the sureties.

The judgment is therefore reversed and the cause remanded with directions to enter judgment in appellant's favor on the verdict against appellee Hodge and the two sureties on the appeal bond.