### FRITCHIE v. HOLDEN et al.

(*Supreme Court, General Term, Fifth Department.* June 20, 1890.)

COSTS—APPEAL-BOND.

　　In an action on a contract of guaranty against a husband and wife, they answered separately, by the same attorneys. Judgment was rendered dismissing the complaint, and awarding a single bill of costs to defendants. On appeal, the judgment was affirmed as to the wife, without costs, and reversed as to the husband. *Held*, that the wife was entitled to maintain an action on the appeal-bond for the costs awarded in the court below.

Appeal from special term.

Action by Catherine Fritchie against Erastus F. Holden and others. Judgment was given for plaintiff, and defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*W. P. Goodelle*, for appellants.　　*Geo. F. Yeoman*, for respondent.

DWIGHT, P. J. The action was on an undertaking on appeal to the court of appeals. The appellant was the plaintiff in an action against one Buckhard, and George and Catherine Fritchie, the latter being the plaintiff in this action. The facts appearing by the complaint and answer, all of which were admitted,—the former by express admission of the answer, and the latter by the demurrer,—were, as follows: The action in which the appeal was taken was on a contract of guaranty, executed by the three defendants, to recover a debt of one Florack, alleged to be secured thereby. The defendants George and Catherine answered separately, by the same attorneys, setting up separate defenses; and the defendant Buckhard by other attorneys, setting up the same defense as the defendant George Fritchie. On the trial of that action, a nonsuit was granted as to the defendant Catherine, and judgment was directed in favor of the other defendants; but the entry of judgment as to all three was stayed pending a motion for a new trial on exceptions ordered to be heard in the first instance at general term. 36 Hun, 57. That court denied the motion for a new trial, and ordered judgment for the defendants, according to the directions given at the circuit, and judgment was afterwards entered dismissing the complaint as to all the defendants, and awarding one bill of costs to George and Catherine Fritchie, and one to the defendant Buckhard. From that judgment the plaintiff appealed to the court of appeals, and gave the usual undertaking, with the defendants in this action as sureties; upon which this action was brought. The court of appeals affirmed the judgment appealed from as to the defendant Catherine Fritchie, without costs, and reversed it as to the defendants George Fritchie and Buckhard, and, as to them, ordered a new trial, with costs to abide the event. 21 N. E. Rep. 156. The only question in this case is whether, under the judgment of the court of appeals, Catherine Fritchie was entitled to recover the single bill of costs awarded to her and George Fritchie by the judgment of the supreme court. If so, then the complaint stated a cause of action, and the answer interposed no defense, and the demurrer to the latter pleading was properly sustained. We think there was no error in the findings and decision of the special term to that effect. The action in which the judgment was rendered

was for the recovery of money only, and the defendant Catherine, upon the rendering of final judgment therein, as to her, was entitled to costs, of course, (Code Civil Proc. § 3229,) although, for the reason that she and her husband answered by the same attorneys, only one bill of costs was awarded to both. The direction of the judgment of the court of appeals that that affirmance of the judgment in favor of Catherine should be "without costs," related, necessarily, to costs in that court, (*Sisters of Charity* v. *Kelly,* 68 N. Y. 628; *In re Water Com'rs of Amsterdam,* 104 N. Y. 677, 10 N. E. Rep. 545,) as did the direction that the reversal of the judgment against the other defendants should be with costs to abide the event of a ,new trial. The judgment in favor of George and Catherine for a single bill of costs, being affirmed as to Catherine, and reversed as to George, became a judgment in favor of Catherine alone, and it was her right to enforce it for her own benefit. *Johnstone* v. *Conner,* 13 Civil Proc. R. 19. In the case cited, it was held that, "where a joint judgment in favor of two defendants is affirmed as to one of them, and reversed as to the other, the latter, by force of the decision, ceases to have any proprietary interest therein; but, as to the other party, it remains unimpaired, and in full force, and he has power to enforce the judgment, and is entitled to maintain an action upon an undertaking given by his opponent upon appeal therefrom." The judgment of the special term should be affirmed. All concur.