MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. MOLLIE
M. LACY ET AL.

No. 1530.

1. **Receivers—Supersedeas Bond—Purchasing Company—Joinder of Actions.**

The receivers of a railway, with the railway company, having first appealed on a cost-bond from a judgment recovered against them, subsequently obtained writ of error with supersedeas bond. On the appeal the judgment was affirmed as to the receivers, but reversed as to the company; the writ of error was not prosecuted. In a subsequent suit on the supersedeas bond, against the sureties and against a railway company which had purchased the road by authority of a special act of the Legislature making it liable for the obligations of the receivers. Held, that both the bondsmen and the purchasing company were liable, and they could be jointly sued.

2. **M., K. & T. Ry. Co. of Texas—Special Act—Liability of Purchasing Company.**

The Missouri, Kansas & Texas Railway Company of Texas, having purchased the Gainesville, Henrietta & Western Railway under authority of the special act of April 16, 1891, became, by the terms of that act, liable for a judgment for damages recovered against the receivers thereof, though in such judgment the original company was held not liable.

3. **Receivers—Improvements—Liability of Purchaser.**

A railway company which has taken back its road from the receivers of its property, without sale, extensive improvements having been made from the revenues of the receivership, can be held liable for a judgment against the receivers, by reason of such betterments, though it had been a party to the original suit against the receivers and had then been held not liable.

4. **Supersedeas Bond—Judgment—Interest.**

Sureties on a bond superseding a judgment for damages bearing interest at eight per cent., in accordance with the statute in force at the time of its rendition, are liable for interest at that rate, notwithstanding the subsequent statute that judgments should bear interest at six per cent.

APPEAL from District Court, Clay County. Tried below before Hon. GEO. E. MILLER.

*A. K. Swan,* for appellant.—Plaintiffs' petition, showing that the liability of the appellant was that of successor to the property rights and privileges of the Gainesville, Henrietta & Western Railway Company, and none other, and that judgment had already been rendered discharging said Gainesville, Henrietta & Western Railway Company from said judgment, and failing to allege an original cause of action, other than said judgment, it is insufficient to justify a judgment against the appellant in this case, for the reason that the said Gainesville, Henrietta & Western Railway Company had been discharged from all liabilities on account of the negligent acts of the receivers, and therefore the demur should have been sustained.

Plaintiffs' petition showing that a writ of error had been sued out in said cause No. 779, and relying upon the judgment in said cause, and the liability of the defendants upon the supersedeas bond, given in said writ of error, it was necessary for it to have shown that said writ of

error proceeding had been disposed of in the manner required by law, and was not pending before the Court of Civil Appeals, and having failed to show that, defendants' special demur No. 2 should have been sustained.

It appears in plaintiffs' amended petition that, if the plaintiffs have any cause of action against this defendant, it is separate and distinct from any cause of action which they have, according to the allegations in said amended petition, against the said Featherston and Worsham, and if they have any cause of action against the said Featherston and Worsham, it is separate and distinct from any cause of action they have against this defendant.   Frost v. Frost, 45 Texas, 340; Clegg v. Varnell, 18 Texas, 300; Williams v. Robinson, 63 Texas, 576.

The liability of this defendant must depend upon the liability of the Gainesville, Henrietta & Western Railway Company, and there is not sufficient proof to fix liability upon said last named company, for the reason that the evidence does not show that the said Gainesville, Henrietta & Western Railway was returned to said company by the receivers with betterments, or that the receivers returned said railway property to the company to which it belonged, with any betterments, or any income accruing during the time the same was in the hands of the receivers, and therefore the defendant company is not liable for any negligence of said receivers, nor any judgment rendered against them for negligence of themselves, or their employes, during their receivership.   Hicks v. Railway, 62 Texas, 38; Ryan v. Hays, 62 Texas, 42; Railway v. Johnson, 76 Texas, 421; Railway v. Adams, 78 Texas, 372; Bledsoe case, 20 S. W. Rep., 1135.

The court erred in not sustaining this defendant's plea of res adjudicata, based upon the ground that the Gainesville, Henrietta & Western Railway Company had recovered a judgment against the plaintiffs, to the effect that plaintiffs take nothing by reason of their said suit, and that it go hence without day, and because this defendant is sought to be held liable as the successor of the said Gainesville, Henrietta & Western Railway Company, and is therefore not liable beyond the liability of the said Missouri, Kansas & Texas Railway Company.   To the effect that a judgment is not a contract, see 1 Black, Judgments, secs. 8 to 11, and authorities there cited.   To the same effect and to the effect that a judgment in an original suit, the right of action growing out of a former judgment, bears only six per cent, see Railway v. Cross, 23 S. W. Rep., 529; Railway v. Humphries, 23 S. W. Rep., 556; Ellis v. Barlow, 26 S. W. Rep., 908; Morley v. Railway, 146 U. S., 162.

*Jas. F. Carter*, for appellees.—Appellees' petition stated a good cause of action, and appellant's general exception thereto was properly overruled.   Rev. Stats., arts. 1208 and 3660; Lambeth v. Turner, 1 Texas, 367; Taylor v. Hall, 20 Texas, 211; Williams v. Warnell, 28 Texas, 612.

Apppellant's special exceptions were properly overruled.   Rev. Stats.,

arts. 1034, 1389; Gen. Laws 1892, p. 28, sec. 20, and p. 43, art. 1389; Laughlin v. Dabney, 86 Texas, 120; Odum v. Garner, 86 Texas, 374; Railway v. Montier, 61 Texas, 122; Railway v. Morris, 69 Texas, 13.

All parties interested in the subject matter, or in the object of the suit, and who will be affected by the judgment, ought to be made parties. All parties on the bond were interested in the subject matter of this suit, and were jointly interested in resisting the relief demanded. Rev. Stats., art. 1208; Sayles' and Bassett's Pl. and Pr., secs., 279-280, and authorities cited thereunder; Clegg v. Varnell, 18 Texas, 306; Mc-Cormick v. Blum, 22 S. W. Rep., 1054.

Appellant's exceptions to appellees' petition came too late after an answer to the merits. They were not in due order of pleading, and they were properly overruled. Rev. Stats, art. 1262; Sayles' Texas Pl. with Forms, sec. 415; Howard v. Britton, 71 Texas, 286; Hoffman v. Cleburne Bldg. & Loan Assn., 22 S. W. Rep., 154; Logan v. Texas Bldg. & Loan Assn., 28 S. W. Rep., 141.

When receivers of a railway company expend during their receivership, out of the earnings of said railway company, sums of money in betterments and improvements upon said railway, said railway company becomes liable for all unpaid judgments against, and for all unperformed obligations of, its said receivers at the close of their receivership to the extent of the value of such betterments and improvements. Hicks v. Railway, 62 Texas, 38; Ryan v. Hays, 62 Texas, 42; Railway v. Griffin, 76 Texas, 441; Railway v. Johnson, 76 Texas, 434; Railway v. Adams, 78 Texas, 372; Railway v. Geiger, 79 Texas, 17; McIlheny v. Binz, 80 Texas, 4; Fosdick v. Schall, 99 U. S., 239.

When receivers of a railway company, having closed their receivership and having been legally discharged, return and redeliver back to said railway company without sale, its property, said railway company becomes liable for all unpaid judgments against, and for all unperformed obligations of, its said receivers, and this regardless of betterments and improvements. Rev. Stats. (Addendum), Acts 1889, art. 1466; Ellis v. Water Co., 86 Texas, 109; Bonner v. Blum, 25 S. W. Rep., 60; Railway v. Chilton, 27 S. W. Rep., 272; Ellis v. Water Co., 4 Texas Civ. App., 66.

When a railway company is transferred and sold to, reorganized and merged into another and a new company by express legislation, which provides that the new company shall take the property of the old subject to, and charged with, all of the unpaid liabilities, judgments, debts, obligations, etc., against the old company and against its receivers to the same extent that the old company would have been liable, the new company cannot escape liability; and that anyhow to the extent of the value of the property so transferred, sold, reorganized and merged. Gen. Laws, 1891, pp. 128-130; Spl. Laws, 1891, pp. 120-124; Bank v. Sachtleben, 67 Texas, 420; Railway v. Fulmore, 26 S. W. Rep., 238; Howe v. St. Clair, 27 S. W. Rep., 1063; Broughton v. Pensacola, 93 U. S., 896; Mobile v. Watson, 116 U. S., 620; 1 Dill., Mun. Corp.,

secs. 170-174, and authorities cited at length in note; 1 Beach, Priv. Corp., secs. 348 and 375.

A judgment in favor of a railway company, then not liable in a cause of action against it, because in the hands of receivers, is not res judicata in a subsequently matured cause of action against the same railway company, since become liable, because of the close of its receivership, the discharge of its receivers, and of the return and redelivery by them of said railway and all of its property back to the original company without sale, and that greatly bettered and improved. Freeman on Judgments, sec. 329, and authorities cited in notes; Am. & Eng. Ency. of Law, 246; sub. f, and authorities cited at length in notes; and p. 272, and authorities cited at length in note, same volume.

A judgment rendered when the statutory rate of interest is eight per cent, bears interest at that rate from its date till paid. A judgment in a supplemental cause brought simply to enforce and declare valid and subsisting an original judgment in the same cause, is not a judgment on a new cause of action, but on the old; and properly bears the same rate of interest as the old judgment. Rev. Stats., art. 2890; Gen. Laws, 1891, p. 87, art. 2980; Gen. Laws, 1892, p. 5, art. 2980; Railway v. Comstock, 83 Texas, 537; Railway v. Anderson, 149 U. S., 717; Story's Eq. Pl., sec. 20; 2 Am. & Eng. Ency. of Law, pp. 269-274, and authorities cited at length in notes, and especially the authorities cited in note 7, p. 269.

The bond sued on is a contract in which the rate of interest is specified at eight per cent; that the Missouri, Kansas & Texas Railway Company of Texas had been by express legislation made a successor and a substituted principal in said bond; and that the court properly rendered judgment against said successor and substituted principal at the specified rate named in the bond. Rev. Stats., art. 2980; Gen. Laws, 1891, p. 87, art. 2980; Trent v. Rhomberg, 66 Texas, 249; 1 Beach, Priv. Corp., secs. 343-347.

The court erred in releasing and discharging the sureties in the bond sued on from liability on said bond, for the reason assigned in appellees' cross-assignment of error, which is as follows: "The court erred in rendering judgment releasing and discharging the sureties, W. B. Worsham and W. H. Featherston, from liability on the bond set out and described in plaintiffs' second amended original petition, in this: because from the evidence the sureties on said bond were liable, and plaintiffs entitled to judgment thereon against said W. B. Worsham and said W. H. Featherston as sureties on said bond." Rev. Stats., art. 1404, the law when the bond was executed; Gen. Laws, 1892, p. 44, art. 1404, the law now, and unchanged; Mills v. Hackett, 65 Texas, 580; Siddall v. Goggan, 68 Texas, 708; Trent v. Rhomberg, 66 Texas, 249; Blair v. Sanborn, 82 Texas, 688; Railway v. Jackson, 85 Texas, 610; Railway v. Mussett, 86 Texas, 708; Brandt, Sur., secs. 315, 398, 400; Brown v. Fountain, 3 Texas Civ. App., 321; Benson v. Phipps, 28 S. W. Rep., 359; Brandt, Sur., secs. 298, 315, 342.

COLLARD, ASSOCIATE JUSTICE.—Appellant makes the following statement of the case:

"On the 7th day of April, 1891, Mollie M. Lacy recovered judgment in the District Court of Clay County, in cause No. 779, styled Mollie M. Lacy v. Gainesville, Henrietta & Western Railway Co. et al., a judgment for $5000, with interest thereon at 8 per cent per annum from date, and all costs of suits,—the judgment being against the Gainesville Henrietta & Western Railway Company and Geo. A. Eddy and H. C. Cross receivers of said railway. Cross and Eddy appealed to the Supreme Court on a cost bond, and afterwards, on the 8th day of July, 1891, Cross and Eddy and the Gainesville, Henrietta & Western Railway Company sued out a writ of error and gave a supersedeas bond, with W. B. Worsham and W. H. Featherston as sureties. Afterwards, on the 27th of June, 1893, the cause coming up before the Court of Civil Appeals for the Second Judicial District, was affirmed as to Cross and Eddy receivers, and reversed and rendered in favor of the Gainesville, Henrietta & Western Railway Company.

"Afterwards, on the 18th day of April, 1893, appellee moved to have the judgment affirmed on certificate, predicated on the supersedeas bond, which was, on the 25th of April, 1893, overruled.

"Afterwards, on September 11th, 1893, the plaintiffs Mollie M. Lacy and Jas. F. Carter, who had bought half of the original judgment, brought this suit on the supersedeas bond, and sought judgment against the Missouri, Kansas & Texas Railway Company of Texas and the sureties on the supersedeas bond, showing that the Missouri, Kansas & Texas Railway Company of Texas was the successor of the original defendant railway company and that it had assumed all the liabilities of the old company and of the receivers. October 9th, 1894, the cause was tried without a jury, and judgment was rendered for plaintiffs, for $5000 and 8 per cent interest per annum thereon from the date of the original judgment, and costs, foreclosure of lien upon the property of the old company in possession of the new company, but in favor of the sureties on the supersedeas bond. Defendants have appealed, and assigned errors."

The Missouri, Kansas & Texas Railway Company, a corporation organized under the laws of Kansas, owned and operated a system of railroads some of which lines were in Texas, including the Gainesville, Henrietta and Western Railroad. Eddy and Cross were receivers of the Missouri, Kansas & Texas system of railways, including the Gainesville, Henrietta & Western Railroad, from the 1st of November, 1888, to July 1, 1892, at which latter date they, as such receivers, returned all the property of the company to the railroad company without sale. The property was returned to the company in a much better and improved condition than when they received it. The earnings of the railway were largely expended in betterments and improvements at the expiration of the receivership, and with the property so improved the receivers returned quite a large sum of money to the Missouri,

Kansas & Texas Railway Company, some of which was earnings of the Gainesville, Henrietta & Western Railway. The gross earnings of the system during the receivership were about $22,208,493.88; the net earnings about $5,449,507.88, less interest on bonds, $1,220,410.86, and less taxes, $474,112.42. No separate account of the operation of the Gainesville, Henrietta & Western Railway was kept, and the testimony does not show the amount of money, improvements and betterments that went to the Gainesville, Henrietta & Western Railroad, but the money received was expended on all the lines of the system operated by the receivers,—that is, about $4,185,647.75 were so expended in betterments and improvements on the entire system. The trial court in its judgment found as a fact that the Gainesville, Henrietta & Western Railway was bettered and improved by the receivers while in their hands, and the testimony warrants the judgment. The amount of such improvements at value is not ascertained. After the properties of the Missouri, Kansas & Texas Railway Company had been returned to the owners without sale, that company transferred all its roads in Texas, including the Gainesville, Henrietta & Western Railroad, to the defendants the Missouri, Kansas & Texas Railway Company of Texas, the latter company becoming the successor of the former as to the Gainesville, Henrietta & Western Railway Company, its properties and franchises, bound for all its debts including the original judgment in favor of Mrs. Lacy, and was so liable and bound by the terms of the sale and the special act of the Legislature authorizing the sale. This special act of the Legislature was passed April 16, 1891, and is attached to plaintiffs' petition as an exhibit, and was read in evidence as were other exhibits to the petition, to which reference is made and adopted as part of our findings of facts.

Section 3 of the special act of the Legislature authorizing the sale of the Texas roads by the old company provides "that the sale herein authorized to be made shall be subject to all just and legal incumbrances, suits, actions for damages, or rights of way, liens, judgments and debts given, contracted or incurred by the said Missouri, Kansas & Texas Railway Company and other companies herein mentioned, upon or against said property or any part thereof, as well as the payment and discharge of all and singular the legal obligations and liabilities of any sort whatsoever against the said Missouri, Kansas & Texas Railway Company and properties herein mentioned, and for all debts, judgments, suits and all claims for damages against the receivers of said Missouri, Kansas & Texas Railway Company, to the same extent that said property would be liable therefor if the property remained in the possession and control of said Missouri, Kansas & Texas Railway Company, and the purchasing company or corporations shall take the same charged therewith and subject to the payment thereof, and the assumption by such purchasing company or corporation of such incumbrances, debts, liabilities may enter into and constitute a part of the consideration for such sale and conveyance thereto; but the property of the new company in Texas shall

not, as between the vendor company and the new corporation, be liable for more than its proportional part of such debts and the incumbrances, ascertained upon a basis of mileage in this State as compared with the mileage of the whole system, and the capital stock of such new company, when formed, may be issued for such property as additional consideration therefor and on such terms as may be agreed upon for the stock of the herein named corporation organized under the laws of this State, whose stocks shall be thereupon cancelled and extinguished and the stock of the purchasing corporation issued in conformity with the Constitution and general laws of this State, etc."

The act provides that the purchasers of the Texas branch of the road to be sold may become incorporated so as to own and operate the roads with their franchises, and it also provides that the courts of this State shall take judicial notice of the act and the sales made thereunder. So the defendant became the owner of the road in question subject to the liabilities and obligations of the road and its receivers as stated in the act.

*Opinion.*—The cause of action set up in plaintiffs' petition is not subject to the general demurrer urged against it.

A supersedeas bond will support an action as against the obligors in case of breach of its conditions. Trent v. Rhomberg, 66 Texas, 249. There can be no question of the liability of Cross and Eddy as receivers and principals on the bond, and they were as such receivers bound to comply with its conditions, even though it might be held that the Gainesville, Henrietta & Western Railway Company was not bound, the appeal on the cost bond resulting in favor of the railway company. In the sale of the properties of the road and the act authorizing it the Missouri, Kansas & Texas Railway Company of Texas became liable for the judgment against and the obligations of the receivers. The supersedeas bond was such an obligation. The receivers or the parties who succeeded to their liabilities were bound to prosecute the writ of error. Railway v. Jackson Bros., 85 Texas, 605; Railway v. Mussette, 86 Texas, 708.

The liability of the receivers who should have prosecuted the writ of error fell upon the defendants below by the terms of their purchase of the road and the law granting the right of sale. The judgment was affirmed against the receivers on the appeal by the cost bond. But, in addition to this, the road was improved and bettered while in the possession of the receivers by the expenditure of large sums of money out of its earnings, and for this reason the road and its owners would be liable for its debts and obligations created or established during the receivership to the extent of such expenditures. Railway v. Griffin, 76 Texas, 441; Hicks v. Railway, 62 Texas, 38; Railway v. Adams, 78 Texas, 372; 79 Texas, 17; 80 Texas 4; Ellis v. Water Co., 86 Texas, 109; and Ellis v. Water Co., 4 Texas Civ. App., 66.

In any view of the case as made and declared on it is clear that the defendant company sued is liable for the original judgment.

The petition sets up a breach of the supersedeas bond, to-wit: that the receivers, the Gainesville, Henrietta & Western Railway Company and the Missouri, Kansas & Texas Railway Company have each and all wholly abandoned said writ of error so sued out in said cause, aforesaid, and have wholly failed and refused to prosecute the same with effect. Hence it must be held that the special demurrer to this supposed deficiency in the petition was properly overruled by the lower court. Mrs. Lacy conveyed to her co-plaintiff one-half of her original judgment and he is the owner of the same.

From what has been said it will be seen that in our opinion the defendant is bound to pay the judgment in favor of Mrs. Lacy upon two grounds: First, Because the receivers failed to prosecute their writ of error as stipulated in the supersedeas bond; that judgment having been affirmed on appeal by the cost bond, the defendant having succeeded to that liability by the terms of the purchase and the law authorizing it: and second, Because of the improvements and betterments of the road while in the hands of the receivers. The decree, the original judgment, declared that it should bear eight per cent interest per annum from its date; the supersedeas bond bound the obligors to pay the judgment according to its terms, thus creating the contract to pay eight per cent interest on the amount of the judgment, and there was no error in so rendering judgment in the court below.

Appellee by cross assignment of error insists that judgment should have been rendered in the court below against W. B. Worsham and W. H. Featherston, sureties on the supersedeas bond sued on, and that such judgment should be here rendered. The sureties were bound as stipulated in the bond, and plaintiff was entitled to judgment against them as such sureties, and judgment will be here so rendered against them as well as the principals on the bond, for the same amount.

*Judgment affirmed in part.*

Decided April 29, 1896.          *Reversed in part and rendered.*

Writ of error refused.