## Mary Ferguson et al. v. H. S. Allen.

1. ESTOPPEL—*By Recitals in an Appeal Bond.*—In an action of debt upon an appeal bond the parties executing it are not permitted to deny the facts recited in the bond; and pleas which allege the costs were more than is recited in the bond are bad on demurrer.

2. APPEAL BONDS—*Judgments Where the Undertaking is Several.*—Where the recitals of an appeal bond by two defendants are in conformity with the statute, the undertaking is several as to each of the two principals, and a judgment against but one defendant on the appeal is within the condition of the bond.

Debt, on appeal bond. Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

STRAWN, FUNK & STRAWN, attorneys for appellants; ANTOINETTE FUNK, of counsel.

H. E. TORRANCE, A. C. NORTON and F. W. WINKLER, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a suit by Allen against Henry Ferguson, Mary Ferguson and Joseph Spire, upon an appeal bond given upon an appeal from a judgment rendered by a justice of the peace. Defendants pleaded *non est factum* and *nul tiel record*, and certain special pleas. After the special pleas had been several times amended, a demurrer was sustained to them. Defendants elected to stand by said special pleas and withdrew all other pleas. Defendants were defaulted, proofs were heard, and judgment was entered against defendants, from which they appeal. There is no bill of exceptions.

The defense sought to be set up by the special pleas was that the penalty of the bond was not in double the amount of the judgment, as required by the statute, because the costs were more than was recited in the bond; that for that reason it was not a statutory but a voluntary bond, and

therefore the obligors were only liable according to the strict terms of their obligation; that the appeal was by both Henry and Mary Ferguson, and in the Circuit Court plaintiff dismissed his suit as to Henry Ferguson, and the appeal was afterward dismissed as to Mary Ferguson only, and hence the judgment was not affirmed or the appeal dismissed as to both defendants, as required, in order to make them liable under the strict terms of the bond.

1. The bond was pleaded according to its legal effect in the declaration, and therefrom it appeared that the penalty of the bond was $254.50, and that the bond recited that the principal of the judgment appealed from was $123.05 and that the costs in said cause were $4.20. The penalty of the bond was therefore just double the judgment and costs recited in the bond. In an action of debt upon an appeal bond the parties executing the bond are not permitted to deny the facts recited in the bond. (Smith v. Whitaker, 11 Ill. 417; Arnott v. Friel, 50 Ill. 174; George v. Bischoff, 68 Ill. 236; Meserve v. Clark, 115 Ill. 580.) The special pleas were therefore bad on demurrer, because they denied the recitals of the bond as set out in the declaration.

2. The recitals of the bond being in conformity with the statute, the undertaking is several as to each of the two principals, and where judgment upon appeal goes against but one principal it is within the condition of the instrument. (Ives v. Hulce, 17 Ill. App. 35.) The judgment is affirmed.