Argued October 4, reversed and remanded November 14, objections to cost bill sustained in part December 19, 1922, motion to recall mandate allowed, with directions, July 17, 1923.

## FISCHER v. BAYER ET AL.

(210 Pac. 452; 211 Pac. 162; 216 Pac. 1028.)

Pleading—Complaint After Verdict Held Sufficient for Action on Quantum Meruit, Even Though Subject to Motion to Compel Election Between Quantum Meruit and Express Contract.

1. Complaint, which is to be favorably construed after verdict, *held* sufficient to state a cause of action on *quantum meruit* for services rendered at defendants' request, even though it would have been subject to motion to compel election between *quantum meruit* and express contract.

Work and Labor—Evidence of Express Contract Fixing Price Admissible.

2. In an action on *quantum meruit*, plaintiff may show an express contract fixing the price.

Evidence—In Action on Quantum Meruit, Evidence of Promise to Pay Fixed Price Construed as Admission That Sum was Reasonable.

3. Under an allegation of *quantum meruit*, evidence that defendant promised to pay a fixed price will be construed as an admission against interest that the sum mentioned is the reasonable value.

Work and Labor—Contract Proved not One Alleged in Complaint.

4. Where a corporation's board of directors directed that its trustee dispose of some of its machinery, and the trustee authorized the corporation's president to dispose of it and turn the proceeds over to him to be disbursed, and in an action for labor and materials against the corporation, the trustee, and the president as an individual, the evidence showed that plaintiffs were working solely for the president as an individual, the contract proved was not the one alleged that the labor was furnished at the request of all defendants.

**Judgment—Action on Quantum Meruit Held Within Code Permitting Judgment Against Only One of Several Defendants.**

5. Where in an action against an individual, a corporation, and its trustee there were sufficient facts to take the case to the jury only as against the individual, under Sections 180, 181, Or. L., providing that judgments may be given for or against one or more of several defendants, and that in actions against several defendants a court may render judgment against one or more of them whenever proper, leaving the action to proceed against the others, a motion for nonsuit by the corporation and trustee should have been allowed.

### ON OBJECTIONS TO COST BILL.

**Costs—One Per Cent on Amount of Appeal Bond Recoverable by Appellant Who Prevails.**

6. Under Section 6438, subdivision 5, Or. L., an appellant who prevailed on appeal, could recover as costs 1 per cent on amount of bond.

**Costs—Prevailing Parties on Appeal can Recover for Transcript of Testimony at Rate of Fifteen Cents Per Folio.**

7. Under Section 931, Or. L., the prevailing parties on appeal are entitled to recover for the transcript of testimony at the rate of fifteen cents per folio.

**Costs—Where There are Several Appellants, the Prevailing Appellants can Recover Full Bill of Costs, Less Charges Relating Exclusively to Appellants Who Failed.**

8. Where there are several appellants, some of whom are successful, the successful appellants are entitled to a full bill of costs, less such charges as relate exclusively to appellants who have failed.

**Costs—Respondent may Recover Costs Against Unsuccessful Appellants, Where Some Appellants Prevail.**

9. Where all except one of the appellants prevail on appeal, a respondent may recover his costs against the unsuccessful appellants.

### ON MOTION TO CORRECT MANDATE.

**Appeal and Error—Judgment Entered as Directed by Mandate is in Effect That of Supreme Court.**

10. Where a judgment rendered jointly against three defendants was reversed by the Supreme Court, with directions to the lower court to render a judgment on the verdict against one defendant only, the judgment entered by the lower court in conformity to the mandate was in effect the judgment of the Supreme Court.

---

5. Whether judgment against two or more tort-feasors may be set aside as to some and allowed to stand as to rest, note, 27 L. R. A. (N. S.) 209.

**Judgment—Separate Recovery Allowable as to One and Dismissal as to Others, Notwithstanding Allegation of Joint Liability.**

11.   Under Sections 61, 180, 181, Or. L., the common-law rule that in an action brought against two or more defendants on an alleged joint demand judgment must be given against all of the defendants or none has been changed, and judgment in such action may be rendered against those liable, and the action dismissed as against those not liable, regardless of whether the liability is joint or several.

**Appeal and Error—Stay of Execution is Consideration for Supersedeas Bond.**

12.   The suspension of plaintiff's right to have a writ of execution running against all of the defendants issued for the enforcement of a judgment against all of them, pending the appeal by the defendants, is the consideration for the obligation of the defendants and the sureties on their *supersedeas* bond to pay whatever judgment may be rendered by the Supreme Court.

**Appeal and Error—Separate Appeals may be Taken by Each Active Party.**

13.   There may be as many separate appeals from a judgment as there are different active parties to the action.

**Appeal and Error—Decision Held in Effect Affirmance of Judgment as Against One of Three Defendants.**

14.   A decision on a joint appeal by three defendants from a judgment against all of them, reversing the judgment on the ground that the evidence was insufficient to sustain it as against two defendants, but with directions to render judgment upon the verdict against the third defendant, was in effect an affirmance of the judgment of the trial court against the third defendant.

**Appeal and Error—Surety on Supersedeas Bond is Liable, if Judgment is Affirmed Against One of Three Joint Appellants.**

15.   Under Section 557, Or. L., authorizing the Supreme Court to affirm, reverse, or modify the judgment as to any or all of the parties joining in the appeal, and Section 559, providing that if judgment be given against the appellant it shall be entered against his sureties also, the surety on a *supersedeas* bond is liable for the amount of the judgment, where it was affirmed as against one of the three defendants who joined in the appeal, though it was reversed as against the other two.

From Wasco: FRED W. WILSON, Judge.

Department 1.

For appellants there was a brief over the name of *Mr. C. A. Sheppard,* with an oral argument by *Mr. C. O. Fenlason.*

For respondent there was a brief over the names of *Mr. Harry G. Hoy* and *Mr. Paul W. Childers,* with an oral argument by *Mr. Hoy.*

BURNETT, C. J.—In several causes of action, one in his own right and the remainder as assignee of other parties, the plaintiff joins as defendants the Eastern Irrigation, Power & Lumber Company, a corporation, J. C. Bayer, its trustee, and Joseph R. Keep, and as to the action in his own right alleges:

"That between the twenty-seventh day of April and the sixteenth day of August, 1918, this plaintiff, at the special instance and request of defendants, performed labor, advanced money, furnished goods, wares and merchandise, and furnished a gasoline motor-truck for defendants in hauling machinery, a large steam boiler, iron and other miscellaneous articles, which said labor and money, goods, wares and merchandise furnished by said plaintiff were of the reasonable and agreed value of $1,029.43; that defendants received the use and benefit of said labor, money, goods, wares and merchandise, and gasoline motor-truck so furnished, and promised and agreed to pay the said sum above mentioned."

This form of averment is employed in all the other counts, the difference being only in dates and amounts and statement of the assignment of the account to the plaintiff.

The defendant Keep traversed all the allegations of the complaint except as stated in his further answer. In view of the grounds of our conclusion, it is not necessary to notice the further and separate answers of the defendant Keep more than to generalize that they aver payment to the plaintiff of enough

money to cover the claims mentioned in the complaint, both his own and those of his assignors; and finally that "neither of the other defendants above named had anything to do with the employment of the parties alleged in plaintiff's complaint to have been employed."

The company and Bayer content themselves with a traverse of the allegations of the complaint.

The reply puts in issue the new matter in Keep's answer.

In various forms in the course of a trial by jury the defendants raised the question that the evidence to the effect that Keep promised to give a certain per diem wage to some of the employees mentioned in the pleadings was a variance from the allegations of the complaint and hence incompetent, irrelevant and immaterial. The averment in that respect is, that at the special instance and request of the defendants plaintiff performed labor "of the reasonable and agreed value" of the amount named in the complaint. The most that can be said of this allegation is, that it was duplicitous and if the court had been applied to in the proper manner, the plaintiff would have been compelled to elect whether he would proceed on the *quantum meruit* or reasonable value of the services, or upon the express contract to pay a certain amount: *Harvey* v. *Southern Pac. Co.,* 46 Or. 505 (80 Pac. 1061); *Whitten* v. *Griswold,* 60 Or. 318, 324 (118 Pac. 1018).

1, 2. Construing the complaint favorably after verdict, we have a pleading in which the plaintiff avers enough for an action on *quantum meruit* for services rendered at the special instance and request of the defendants. Under such circumstances he would have a right to offer evidence of an express con-

tract fixing the price. The authorities on this point are collated in *Toy* v. *Gong,* 87 Or. 454 (170 Pac. 936).

3. The principle is, that under an allegation on the *quantum meruit,* evidence that the defendant promised to pay a fixed price will be construed as an admission against his own interest that the sum mentioned is the reasonable value.

4. At the close of the plaintiff's case, the defendants moved for a nonsuit on the ground, among others, that the contract proved is not the one alleged in the complaint. The evidence disclosed that at a meeting held in Portland, Oregon, on November 3, 1917, the board of directors of the defendant corporation after reciting that there was need to develop a fund for the benefit of the company for certain purposes, and that there was some extra machinery at the company's mill in Wasco County, passed a resolution as follows:

"Therefore be it resolved that the trustee, J. C. Bayer, be and he is hereby authorized and directed to dispose of such of the machinery belonging to this company as can be disposed of without injury or detriment to the machinery to be used at the mill now constructed, in such manner as deemed by said trustee to be for the best interests of this company, and that a copy of this resolution shall be sufficient authority for all the purposes herein contemplated."

The record of this meeting of the directors is signed by the defendant Keep as president and one Skinner as secretary.

There was also introduced in evidence a letter from Bayer, trustee, addressed to the defendant corporation and to Keep, its president, under date of November 6, 1917, reciting the passage of the resolution just mentioned and saying:

"I have authorized Joseph R. Keep, president of your company, to get together and dispose of the above mentioned machinery to the highest bidder. Money for same to be turned over to me as trustee, to be disbursed by authorization of your board."

It appears in evidence that the defendant corporation had issued bonds and given a mortgage to Bayer as trustee to secure the payment of those obligations, so that really he was the nominal mortgagee holding the encumbrance on the company's property. Under the circumstances detailed, the defendant Keep, as the testimony shows, took up not only the matter of disposing of the machinery mentioned, but also an enterprise of conducting water to the company's mill by means of a ditch, and employed the plaintiff Fischer and some of those named as his assignors. With one accord all of these parties testified that they were working for Keep. There is no testimony showing in any way that Keep mentioned the defendant corporation or assumed to act for it or in its name, or that he in any way disclosed the existence of the company. For instance, the witness William Engle testified, "I understood we were working for Mr. Keep." C. P. Doyle, another assignor, was asked, "By whom were you employed?" and answered, "By Mr. Keep." The result of the testimony is, that the defendant Keep contracted on his own responsibility. Under no view of the testimony can it be said that the defendants acted jointly, yet that is the averment of the complaint. It does not follow that because Keep happened to be president of the defendant corporation he was compelled to or did act as its agent. For aught that appears in evidence, he was acting as a contractor. Concede as we may, that he renders himself personally liable by contracting in his own name without dis-

closing his principal, under the authority of *Frank v. Woodcock*, 72 Or. 446 (143 Pac. 1105), yet there is another principle equally potent, which is thus stated in 2 C. J. 843:

"While a person who has dealt with the agent of an undisclosed principal may elect to hold either the agent or, upon discovery, the principal, he cannot hold both, and, if with full knowledge of the facts material to his rights he elects to hold the agent, he thereby discharges the principal; and conversely, if he elects to hold the principal, he thereby discharges the agent. He must elect between the two, and when an election is once made he must abide by it, unless the principal and agent have by their acts waived the right to claim that an election to hold one releases the other."

The most that can be predicated of Bayer's connection with the matter is that as mortgagee he consented to the sale of some of the property of the mortgagor. All that the testimony shows respecting Keep is that he assumed to act independently in the matter without disclosing his connection with the corporation and employed the plaintiff and his assignors to perform certain services respecting the property of the defendant company, when in fact all that he was authorized to do was to dispose of machinery to the highest bidder. The plaintiff and his assignors do not claim in their testimony that they looked to or attempted to charge either the company or Bayer, but, as stated, all testified that they were employed by Keep. The effort to prove the allegation that the defendants were joint contractors utterly failed.

5. The motion for a nonsuit should have been allowed as to the defendants Bayer and the corporation. The case made by the testimony comes clearly within Sections 180 and 181, Or. L.:

§ 180. "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves."

§ 181. "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, whenever a several judgment is proper, leaving the action to proceed against the others."

As to the performance of the services, the assignment of the claims to the plaintiff and their reasonable value, there was enough to take the case to the jury as against the defendant Keep. The judgment therefore will be reversed and the cause remanded to the Circuit Court with directions to enter judgment against the defendant Keep on the verdict, and a judgment of nonsuit as to the other two defendants.

REVERSED AND REMANDED WITH DIRECTIONS.

McBRIDE, HARRIS and RAND, JJ., concur.

---

Objections to cost bill sustained in part December 19, 1922.

ON OBJECTIONS TO COST BILL.

(211 Pac. 162.)

*Mr. Harry G. Hoy* and *Mr. Paul W. Childers,* for the objections.

*Mr. C. A. Sheppard, contra.*

BROWN, J.—Objection has been made to the cost bill filed on behalf of J. C. Bayer, trustee, and Eastern Irrigation, Power and Lumber Company, a corporation.

6. Respondent objects to item—"Premium on bond, two years at $28: $56." upon the ground that the same is not a chargeable item in the cost bill, there being "no provision therefor under the laws of this state."

The law of this state is otherwise. Paragraph 5, Section 25-a, Chapter 203, General Laws of Oregon, 1917, reads:

"In all actions and proceedings a party entitled to recover disbursements therein shall be allowed and may tax and recover such sum paid a person or company for executing any bond, recognizance, undertaking, stipulation, or other obligation therein, not exceeding, however, one per cent on the amount of such bond, recognizance, undertaking, stipulation or other obligation during each year the same has been in force."

This is codified subdivision 5, Section 6438, Or. L. Based upon the amount of the bond in the case at issue, the sum properly chargeable is $34, and no more.

Objections are filed to an item of $99 for "printing appellants' abstract of record and appellants' brief." Rule 29 of the Supreme Court is as follows:

"It shall be the duty of the clerk in taxing costs to allow the prevailing party the actual cost of printing his abstract or brief (for not exceeding forty copies). But he shall not allow exceeding $1.25 a page, including cover, unless for special reasons apparent in the record it shall be otherwise ordered." 100 Or. 754 (202 Pac. xiii).

Under this rule, the prevailing appellants are entitled to recover $76.25 for printing abstract and brief.

7. As provided by Section 931, Or. L., the prevailing parties are entitled to recover for the tran-

script of testimony at the rate of $.15 per folio, or the sum of $73.80.

Chapter 322, General Laws of Oregon, 1921, is an act providing for taxation and costs in the Supreme Court on appeal. Section 1 reads:

"When costs are allowed to the prevailing party on appeal to the supreme court, the appearance fees, trial fees, attorney fees, as provided by law; the necessary expenses of transcript or abstract, as the law or rules require; the printing required by rule of the court, and the transcript of testimony or other proceedings, when necessarily forming part of the record on appeal, shall be taxed in the supreme court as costs of the appeal."

See *In re Will of Pittock*, 102 Or. 196 (202 Pac. 216, 17 A. L. R. 218); *Couch* v. *Scandinavian-American Bank et al.*, 103 Or. 66 (203 Pac. 891); *Livesley et al.* v. *Strauss*, 104 Or. 356 (207 Pac. 1095).

8. The next objection is that the prevailing parties should not recover more than two thirds of each of the items contained in their cost bill, for the reason that the judgment was affirmed as to one of the three appellants. The rule is, that where there are several appellants, some of whom are successful, they are entitled to a full bill of costs, less such charges as relate exclusively to appellants who have failed: 15 C. J. 91, 92.

9. The respondent herein may recover his costs against the unsuccessful appellant, and he has properly filed his bill for costs.

With the foregoing exceptions, costs will be entered in accordance with the items appearing in the cost bill on file herein.

OBJECTION SUSTAINED IN PART.

Correction ordered to mandate July 17, 1923.

## ON MOTION TO RECALL AND CORRECT MANDATE.

### (216 Pac. 1028.)

*Mr. Harry G. Hoy* and *Mr. Paul W. Childers,* for the motion.

*Mr. C. A. Sheppard, contra.*

McCOURT, J.—Plaintiff has petitioned this court to recall its mandate heretofore issued to the Circuit Court, and that when returned, the same be amended by the inclusion therein of a provision that plaintiff recover judgment against the surety in the undertaking on appeal.

The action was instituted in the Circuit Court to recover the reasonable value of services and merchandise alleged to have been performed for, and furnished to, defendants, at their special instance and request, by plaintiff and his assignors.

Plaintiff recovered judgment against all of the defendants, wherein it was recited—

" * * that the plaintiff have and recover of and from the defendants jointly and severally the full sum of, etc."

A joint appeal was prosecuted by all of the defendants from that judgment to this court. Defendants obtained a stay of proceedings pending the appeal, by furnishing an undertaking on appeal, providing for such stay.

The undertaking on appeal was executed by all of the defendants, as principals, and the National Surety Company, a corporation, as surety, and, in conform-

ity with the statute (Section 551, Or. L.), provided that—

"Whereas, it is desired that execution be stayed pending this appeal,

"Now, therefore, in consideration of the premises and of such appeal, we, the undersigned, J. C. Bayer, as trustee, Joseph R. Keep, as trustee, Eastern Irrigation, Power and Lumber Company, a corporation, and Joseph R. Keep, as principals, and National Surety Company, a corporation * * as surety, do hereby jointly and severally undertake and promise that said J. C. Bayer, as trustee, Joseph R. Keep as trustee, Eastern Irrigation, Power and Lumber Company, a corporation, and Joseph R. Keep, defendants and appellants herein, will pay the damages, costs and disbursements which may be awarded against the said defendants and appellants on said appeal, and if said judgment appealed from as aforesaid, or any part thereof, be affirmed on said appeal that the said defendants and appellants will satisfy said judgment in so far as it shall be affirmed."

Upon the hearing on appeal, it was decided that the evidence introduced by plaintiff wholly failed to establish liability on the part of J. C. Bayer, trustee, or the Eastern Irrigation, Power and Lumber Company, for the claims sued upon, but that the evidence was sufficient to warrant the verdict and judgment against the defendant Keep.

The judgment of the Circuit Court was in terms reversed, but it was ordered that the cause be remanded to the Circuit Court with directions to enter a judgment upon the verdict against the defendant Keep alone, exonerating the surety on appeal, and with the further direction to enter a nonsuit as to the other defendants. (Opinion handed down January 16, 1923, not reported.)

It is the mandate issued according to the above directions that plaintiff seeks to have recalled.

In support of his motion to recall and amend the mandate, plaintiff calls attention to the fact that this court directed the Circuit Court to enter a judgment against Keep, identical in all respects with the judgment appealed from, and claims that such direction in effect constitutes an affirmance of the judgment from which the appeal was taken, as to defendant Keep, and thereby creates the condition provided by the undertaking on appeal, upon which this court is authorized and required to give judgment against the surety.

In opposition to plaintiff's motion, defendant Keep insists that the appeal having been taken from a judgment rendered against all the defendants upon pleadings setting up a joint, and not a joint and several, liability, an affirmance of the judgment in whole or in part as to the amount of recovery against all the defendants, is essential to create a breach of the undertaking on appeal. Accordingly it is claimed that the judgment which this court directed to be entered against Keep was a different judgment from that appealed from, and consequently the undertaking on appeal was not breached.

The applicable provisions of the statute (Olson's Compilation), relating to the power of the Supreme Court in cases brought to it upon appeal, and the manner in which its decision shall be given and enforced, are as follows:

Sec. 557. "Upon an appeal, the appellate court may affirm, reverse, or modify the judgment or decree appealed from * * as to any or all of the par-

ties joining in the appeal, * * and may, if necessary and proper, order a new trial.''

Sec. 559. "The decision of the appellate court shall be given and enforced as provided in this section:—

"1. Upon an appeal to the supreme court, its decisions shall be entered in the journal, and the cause remitted by mandate to the court below for further proceedings as therein directed. * *

"2. If a new trial is not ordered, upon the receipt of the mandate by such clerk, a judgment or decree shall be entered in the journal and docketed in pursuance of the direction of the appellate court, in like manner and with like effect as if the same was given in the court below; * *

"4. If judgment or decree be given against the appellant, it shall be entered against his sureties also, in like manner and with like effect, according to the nature and extent of their undertaking.''

10. Where the Supreme Court, pursuant to the foregoing statutory authority, by its mandate directs specifically what judgment shall be entered by the lower court, that judgment when entered is in effect the judgment of the Supreme Court: *Apex Transp. Co.* v. *Garbade,* 32 Or. 582 (52 Pac. 573, 54 Pac. 367, 382, 62 L. R. A. 513); *Bertin & Lepori* v. *Mattison,* 81 Or. 482, 484 (159 Pac. 1167).

11. It was the rule at common law, in an action brought against two or more defendants on an alleged joint demand, that judgment must be given against all of the defendants, or none, but that rule has been changed by our statutes. In this jurisdiction, in an action brought against two or more defendants upon a joint contract, judgment may be given and rendered against those liable, whether their liability be joint or several, and the other defendants who are not

liable may be dismissed. Sections 61, 180, 181,
Or. L.; *Tillamook Dairy Assn.* v. *Schermerhorn,* 31 Or.
308 (51 Pac. 438); *Hayden* v. *Pearce,* 33 Or. 89 (52
Pac. 1049); *Stivers* v. *Byrkett,* 56 Or. 565, 572 (108
Pac. 1014, 109 Pac. 386, 387); *Bertin & Lepori* v.
*Mattison,* 80 Or. 354, 357 (157 Pac. 153, 5 A. L. R.
590); *Hewey* v. *Andrews,* 82 Or. 448, 455 (159 Pac.
1149, 161 Pac. 108.)

In *Dairy Assn.* v. *Schermerhorn, supra,* Mr. Justice
WOLVERTON, after an examination of the statutes and
painstaking review of the authorities, including the
earlier Oregon cases, stated the result as follows:

"If A, B and C are sued upon a joint contract or
obligation, and it should turn out that C was not
bound, under the rule judgment could go against A
and B, while the complaint would be dismissed as to
C, to the same effect as if the action had been in-
stituted against all upon a several or joint and sev-
eral contract, and it was shown that C was not liable
with the others. Nor could it make any difference
that several persons were sued as jointly bound, and
it should appear that one only was obligated. Judg-
ment could be had as to him, and the complaint dis-
missed as to the others."

In *Bertin & Lepori* v. *Mattison,* 80 Or. 354, 358 (157
Pac. 153), Mr. Justice BURNETT had occasion to re-
examine the question, and after setting forth in his
opinion the sections of the statute above cited, the
learned justice said:

"These enactments superseded the common-law
rule that in an action on an alleged joint contract,
recovery must be had against all the defendants or
none, so that in such litigation the plaintiff may now
recover from those defendants against whom he is
able to establish his case, although he is compelled
to loose his hold upon the others from whom he seeks

to recover: (Citing earlier Oregon cases). In *Stivers* v. *Byrkett,* 56 Or. 565, 572 (108 Pac. 1014, 109 Pac. 386, 387), Mr. Justice EAKIN, reviewing the authorities, says: 'It is not necessary to review or cite these cases here, but we find that the great weight of authority and the better reasoning is that the judgment against joint or joint and several debtors, if void as to one, is not necessarily void as to those judgment debtors who were within the jurisdiction of the court' —citing authorities.

"The opinion speaks also of some precedents holding that such a determination is merely erroneous, and would be reversed on appeal as to all the defendants, and others that it would be reversed only as to the party over whom the court had no jurisdiction. But the statute sets the matter at rest, so that by legislative authority a plaintiff may recover judgment against those whom he has shown to be liable, while others he sought to charge may escape."

The Circuit Court then in the first instance might have given judgment against Keep only, and that such judgment should have been given against Keep and not against the other defendants, is the decision expressed in the opinion of this court. The rights and remedies of a judgment creditor for enforcing his judgment for the payment of money, where all the defendants have been served with summons, are in nowise dependent upon the joint or joint and several character of the claim sued upon. In either case the same remedy is given for enforcing the judgment— that is, by execution against the joint property of all the defendants, or against the several property of each of them: Sections 61, 213, 215, 227, Or. L.

12, 13. Immediately upon the entry of his judgment, plaintiff was entitled to have a writ of execution, running against Keep as well as the other defendants,

issued for its enforcement: Section 213, Or. L. The undertaking on appeal suspended that right during the pendency of the appeal. The advantages to the defendants, including Keep, which flowed from that stay of proceedings, constituted the consideration for the obligation of the obligees in the undertaking on appeal. The defendants could have appealed separately, and in that case each defendant would have been required to furnish a separate undertaking on appeal. There may be as many separate appeals from a judgment as there are different active parties to the action: *Crane* v. *Oregon etc. Nav. Co.,* 66 Or. 317 (133 Pac. 810); *Everding & Farrell* v. *Toft,* 82 Or. 1 (160 Pac. 1160).

If the defendant Keep had appealed separately and given an undertaking on appeal in the form of the one under consideration, the liability of the surety upon that undertaking to pay the judgment could not be seriously questioned in the event the Supreme Court had decided that the judgment was correct as to Keep.

14. The opinion rendered upon the appeal in the instant case decided that the judgment against Keep was not affected by any errors assigned by the defendants upon the appeal, and also that plaintiff is entitled to the exact recovery recorded therein, but against Keep alone.

Clearly, the judgment which this court directed should be entered against Keep was in effect an affirmance of the judgment of the lower court as to Keep. Its foundation was the verdict upon which the judgment appealed from, was entered. It differed from the latter judgment only in the respect that it

allowed recovery against one of the defendants, instead of against all of them.

The declaration in the opinion that the judgment of the Circuit Court is reversed is qualified and controlled by the subsequent direction that judgment be entered upon the verdict against Keep alone.

15. It is the prevailing doctrine that if there are several defendants, and upon an appeal by all of them, the judgment against them is reversed as to some and affirmed as to others, the sureties are liable on the bond: 2 R. C. L. 312; 38 Am. St. Rep., note, p. 707.

Upon the subject of breach of condition in undertakings on appeal, it is said in 4 C. J. 1274:

"In case of a joint appeal by several appellants from a judgment against all, a reversal as to one or more, and an affirmance as to others will be a breach of condition, affecting those as to whom the affirmance was rendered."

The foregoing text is fully supported by the decisions in the following cases: *Porter* v. *Singleton,* 28 Ark. 483; *Wood* v. *Orford,* 56 Cal. 157; *Ferguson* v. *Allen,* 91 Ill. App. 591; *Ives* v. *Hulce,* 17 Ill. App. 35; *Lutt* v. *Sterrett,* 26 Kan. 561; *Gilpin* v. *Hord,* 85 Ky. 213 (3 S. W. 143); *Hood* v. *Mathis,* 21 Mo. 308; *Johnson* v. *Reed,* 47 Neb. 322 (66 N. W. 405); *Seacord* v. *Morgan,* 35 How. Pr. (N. Y.) 487; *Fritchie* v. *Holden,* 11 N. Y. Supp. 171; *Bently* v. *Dorcas,* 11 Ohio St. 398; *Missouri R. Co.* v. *Lacy,* 13 Tex. Civ. App. 391 (35 S. W. 505); *Ditnowity* v. *Staacke* (Tex. Civ. App.), 25 S. W. 824; *Vandyke* v. *Weil,* 18 Wis. 277; *McFeron* v. *Fidelity Co.,* 85 Wash. 303 (148 Pac. 14); *McDonald* v. *Mazon,* 23 N. M. 439 (168 Pac. 1069, 1073);

*Manweiler* v. *Truman*, 71 Ind. App. 658 (125 N. E. 412).

No case has been called to our attention involving statutes like ours and an undertaking on appeal containing terms of the same legal effect as that in the instant case, which announces a rule contrary to that declared and supported by the authorities cited.

The statute directs that—

"If judgment * * be given against the appellant, it shall be entered against his sureties, also, in like manner and with like effect according to the nature and extent of their undertaking." Subdivision 4, Section 559, Or. L.

That direction is binding upon this court. Judgment was given against the appellant Keep, in which case the statute directs that such judgment shall be entered against his surety also, and this court is without power or authority to exonerate such surety.

The motion of plaintiff to recall the mandate is therefore allowed, and it is further directed that a new mandate issue directing the Circuit Court to enter judgment upon the verdict against the defendant Keep and also against his surety upon his undertaking on appeal, according to the nature and extent of the undertaking of the surety therein, and that a nonsuit be entered as to the other defendants.

Mandate recalled and ordered corrected.

> MOTION TO RECALL MANDATE ALLOWED, WITH
>          DIRECTIONS.

BURNETT, J., Dissenting.—In his complaint, the plaintiff charged the defendants upon an alleged joint liability for labor, money and goods furnished to

them.   Each defendant answered separately, denying
the allegations of the complaint, and as a result of a
jury trial a verdict was returned in favor of the
plaintiff and against all the defendants.   On this ver-
dict a judgment was rendered to the effect that the
plaintiff have and recover from the defendants
"jointly and severally" a certain sum of money.   On
appeal it was held in substance that there was no
testimony showing any liability of J. C. Bayer, trus-
tee, or of Eastern Irrigation, Power and Lumber
Company, but that there was evidence enough to take
the case to the jury as against the defendant Keep.
The opinion concluded with the statement that "the
judgment therefore will be reversed and the cause re-
manded to the Circuit Court with directions to enter
judgment against the defendant Keep on the verdict,
and a judgment of nonsuit as to the other two de-
fendants."   A mandate was issued to the effect that
the judgment of the Circuit Court be in all things
reversed and set aside as to the defendants Bayer,
trustee, and the company, but affirmed as to the
defendant Joseph R. Keep, and likewise that the
plaintiff recover not only from Keep but also from
his surety on appeal the amount of the judgment
against him with costs.   Contending that the surety
on appeal was not liable, the defendant Keep moved
to recall the mandate and to correct the judgment
of the court so as to render him alone liable, and
not his surety on appeal.   This motion was allowed,
the mandate recalled, and a new one issued directing
the Circuit Court to enter a judgment against Keep
alone, exonerating the surety on appeal and to enter
nonsuit as to the other defendants.   The plaintiff in

his turn filed a motion to recall the second mandate and to correct it so as to direct a judgment, not only against Keep but also against the surety who signed the undertaking on behalf of all the defendants. The opinion of Mr. Justice McCOURT sustains that contention and directs judgment to be rendered against Keep and against the surety.

Without evidence to sustain such a conclusion the jury found a joint verdict against all the defendants. This justified only a joint judgment and not a joint and several judgment. The defendants all joined in the appeal "from all and each and every part of said judgment." The undertaking on appeal was signed by all of the defendants and the surety and was conditioned that "defendants and appellants herein will pay the damages, costs and disbursements which may be awarded against the said defendants and appellants on said appeal, and if said judgment appealed from as aforesaid, or any part thereof, be affirmed on said appeal, that the said defendants and appellants will satisfy said judgment in so far as it shall be affirmed."

It must be remembered that the liability charged was a joint liability. Except as affected by the statute, the plaintiff, having alleged a joint liability, must prove it and could recover only on a joint judgment. It is provided thus in Sections 180 and 181, Or. L.:

Section 180. "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves.

Section 181. "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, whenever a several judgment is proper, leaving the action to proceed against the others."

These statutes modify the former rule that, having alleged a joint liability, the plaintiff must fail unless he proves the same. The verdict rendered was for a joint liability. On this determination of the jury the plaintiff had no right to anything but a joint judgment. The verdict did not disclose a joint and several liability. The defendants appealed from a judgment showing such liability. The surety agreed that if such a judgment should be affirmed, the appellants would satisfy it. It did not stipulate to underwrite a joint *or* several liability, but one which was at once both joint and several. In order to hold the surety liable on appeal, the plaintiff was bound to obtain a judgment in this court showing a joint and several liability, for thus was it nominated in the bond.

Strictly speaking, the judgment ought merely to have been reversed with an order to enter nonsuit as to Bayer and the defendant company and for further proceedings as to Keep, without anything further in this court. This is all that could have been done before the adoption of Section 3 of Article VII of the amended Constitution of this state. That section provides in substance, that having before it a transcript of all the testimony given in the Circuit Court, the instruction of the court to the jury and any other matter material to the decision of the appeal, this court, if it shall be of the opinion that it can determine what judgment should have been rendered

in the court below, shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the Supreme Court. If the Circuit Court had done its duty according to the record before us, it would, at the trial, have directed a nonsuit as to the defendant Bayer and Eastern Irrigation, Power and Lumber Company and have submitted the case to the jury as to the defendant Keep. The utmost that could have resulted would have been a several judgment against Keep alone and that is what all agree is the judgment that ought to have been entered. It is only in pursuance of the power vested by the amended Constitution in this court that we can in law actions enter a particular judgment different from that promulgated by the Circuit Court. The original decision in this court was to reverse *in toto* the judgment of the Circuit Court. Besides that, acting under the constitutional sanction, we rendered a new judgment as upon a trial *de novo*. It was not an affirmance of the judgment of the Circuit Court in any sense of the word. It was a new and independent judgment emanating from this court. It undertook to give to the plaintiff precisely what he was entitled to under the record before us on appeal, which was a judgment against the defendant Keep alone, unsecured by any collateral undertaking. The plaintiff is not entitled in this court to a better judgment than he recovered in the Circuit Court.

The fallacy of the majority opinion lies in holding the judgment we have rendered against Keep to be an affirmance *pro tanto* of the Circuit Court judgment. That judgment was destroyed by an express

reversal. If the judgment had been reversed for further proceedings in the Circuit Court as to Keep, as the old practice would have directed, the resulting several judgment that might have been rendered against him would not have been counted as an affirmance of the joint and several judgment appealed from. The original opinion accomplished precisely that result under the Constitution, not on account of, but in spite of, the Circuit Court judgment.

If the judgment is to be considered an affirmance of the judgment of the Circuit Court, it is without any foundation in the verdict because it was a joint verdict against all the defendants. Nothing was said by the jury about any several liability. It is axiomatic that the judgment of the trial court must follow the verdict. The only foundation for the present judgment against Keep is in the original authority of this court vested by the Constitution and based upon its examination of the testimony independent of the conclusion of the jury. The surety did not undertake to pay the original judgment rendered in this court. It only undertook to pay the one rendered in the Circuit Court in which the defendants were held jointly and severally liable. It may have been willing to underwrite a judgment for which all were liable, but not one for which Keep alone was liable. The majority opinion impairs the obligation of the contract embodied in the undertaking and imposes a liability upon the surety which was not contemplated by its agreement. The decision opens the door for the surety company, when it shall pay the individual debt of Keep embodied in the judgment, to call upon Bayer and the Lumber Company for contribution,

thus working out in effect a joint liability upon all the defendants, which we have all agreed was not to be found in the record before us. For these reasons, I dissent from the opinion of Mr. Justice McCourt.