Gilpin v. Hord, &c.

CASE 30—PETITION ORDINARY—FEBRUARY 17.

# . Gilpin v. Hord, &c.

### APPEAL FROM LEWIS CIRCUIT COURT.

1. LIABILITY ON SUPERSEDEAS BOND.—A sheriff and his sureties appealed to the Superior Court from a judgment against them. The judgment was superseded, the obligors in the bond, which was in the usual form, binding themselves as the sureties of all the defendants. The Superior Court affirmed the judgment as to the sheriff, but reversed it as to his sureties. No damages were awarded. This is an action on the supersedeas bond. *Held*—That the sureties in the bond are liable, although the judgment was reversed as to a part of the defendants, and although the Superior Court did not award damages.

2. SAME—PLEADING.—Although the petition on the supersedeas bond alleges that the bond was executed by the sheriff with the defendants as his sureties, whereas the sheriff did not sign the bond filed with the petition, yet the bond is sufficiently identified, as the conclusion is inevitable, from the allegations of the petition as to the facts which led to the taking of the bond, that the bond filed is that described in the petition. Moreover, the appellant who supersedes a judgment is not required to sign the bond; and, therefore, the allegation that the sheriff did sign the bond must be disregarded as surplusage. Nor was it necessary to allege that the appellants, other than the sheriff, caused the bond to be executed, the judgment being affirmed only as to him.

3. SAME.—In order to hold the sureties in a supersedeas bond bound for the payment of the judgment superseded, it is not necessary that the appellate court should, upon the affirmance of the judgment, award damages.

GEO. T. HALBERT AND A. H. PARKER FOR APPELLANT.

1. Appellees were the sureties of Warder as well as of the other defendants in the judgment, and the judgment having been affirmed as to him, appellees are liable on the bond. (Civil Code, secs. 748, 749, 26 and 27; Hobbs, &c., v. King, &c., 3 Met., 249; Young v. Ditto, 2 J. J. M., 72; Salter, &c., v. Salter, &c., 6 Bush, 635; 4 Mon., 448; 5 Litt., 327; 12 B. M., 528; 12 Bush, 128; Bouvier's Law Dictionary; Waite's Actions and Defenses.)

2. The failure of the appellate court to award damages upon the affirmance of a judgment does not affect the appellee's right of action upon the supersedeas bond.

3. The supersedeas bond is in law the bond of Warder, although he did not sign it; and therefore appellant properly alleged that the bond was executed by said Warder. But if not, the variance between the pleading and the proof is not material. (Civil Code, secs. 129, 130 and 131.)

PHISTER and CAMPBELL for appellees.

1. The appellant does not sufficiently allege the execution of the bond, the amount of which the sheriff was ordered by the county court to pay to him, nor does he allege any power in the county court to issue such a bond, or show how he obtained it; and in the absence of such allegations, the sureties in the supersedeas bond can not be made liable.

2. The judgment superseded was a unit, and its reversal as to some of the defendants was, in fact, a reversal as to all, and relieved the sureties in the supersedeas bond from liability.

3. It is plain that it was not the intention of the appellees to become the sureties of the insolvent sheriff, and the contract must be construed according to the intention of the parties.

4. Appellant does not, and could not, allege or prove that he lost his debt or suffered any damage by the supersedeas, and, therefore, can not recover.

5. The petition describes the supersedeas bond as executed by Warder, the sheriff, with appellees as his sureties, whereas the proof shows that he did not sign the bond. Such a variance is fatal. (Greenleaf on Evidence, vol. 2, sec. 160; Chitty on Pleading, vol. 1, p. 307-8; Fogg v. Fogg, Sneed, 66; Sebastian v. Tompkins, 1 A. K. Mar., 63; Gossom v. Badgett, 6 Bush, 101; Brown v. Warner, 2 J. J. Mar.. 37; Kearney v. City of Covington, 1 Met., 343; Hill for use, &c., v. Barrett, &c., 14 B. M., 86; Collins, &c., v. Blackburn, 14 B. M., 252; Murphy v. Estis, 6 Bush, 533.)

6. The appellate court having failed to award damages, there can be no recovery on the supersedeas bond.

7. Appellant can not recover of the sureties in the supersedeas bond until he has exhausted his remedy against the county.

JUDGE BENNETT delivered the opinion of the court.

The appellant obtained a judgment in the Lewis circuit court against H. T. Warder, as sheriff of Lewis county, and others as his sureties, for the sum of eight hundred dollars, together with interest thereon and costs. The sheriff, Warder, and his sure-

Gilpin v. Hord, &c.

ties, jointly appealed the cause to the Superior Court. The judgment of the circuit court was superseded by the appellees, as the sureties of all of the de-fendants, by executing a supersedeas bond in the usual form. The Superior Court affirmed the judg-ment of the lower court as to the sheriff Warder, but reversed the judgment as to his sureties.

Upon the return of the cause to the lower court, the appellee caused execution to be issued against Warder on the judgment, which was returned with the indorsement thereon, "No property found." Thereafter, appellant instituted this action against the appellees as sureties on the supersedeas bond, for the purpose of recovering the amount of the judgment superseded.

The appellees contend that, as the judgment which they superseded was reversed as to all of the appel-lants except one, they are discharged from liability on the supersedeas bond. We can not concur in this position. The judgment appealed from was a joint judgment against all of the appellants. They jointly appealed; and the supersedeas bond was executed by the present appellees on behalf of all of them. Therefore the effect of the bond was to suspend the whole judgment, and to suspend the plaintiff's right to proceed against the defendants, either collectively or individually, to enforce the payment of his judg-ment. But for the suspension of his right, by the act of the appellees, he could have proceeded against any one of the defendants to enforce the payment of his judgment. But the appellees suspended his right to proceed against any one of the defendants

individually or all collectively. The judgment was.
affirmed as to one of the defendants, against whom
the plaintiff's right to proceed was suspended by
the appellees covenanting to pay the judgment, in
case it was affirmed by the Superior Court.

The mere appeal from a judgment does not sus-
pend the right of the successful party to enforce
the satisfaction of it. That right can only be sus-
pended by superseding the judgment. The object,
then, in executing a supersedeas bond, is two-fold:
· First. That the appellant may have the judgment
of the lower court reviewed without running the risk
of the enforcement of the judgment during the pend-
ency of the appeal, which might result disastrously
to his interest.

Second. The successful party, being deprived of
his right to enforce the judgment during the pend-
ency of the appeal, the sureties agree to pay him.
the amount of the judgment, in case it is affirmed.
Therefore, the consideration which upholds the bond
is the depriving of the successful party of his right
to enforce the satisfaction of his judgment, no only
as against all of the parties who have superseded, but.
as against any one of them. Therefore, to hold that
the reversal of the judgment as to only a portion of
the appellants, discharges the sureties in the bond
from the payment of the judgment which was af-
firmed as against the other appellants, would strike
down the consideration of the bond, to wit, the
suspension of the appellee's right to proceed against
any one of the appellants to enforce the satisfaction
of his judgment. This we can not do.

The fact that the appellant against whom the judgment was affirmed was insolvent, and the other appellants, who were discharged by the reversal of the judgment as to them, were solvent (which latter fact was the inducement for the sureties superseding the judgment), can not enter into the question of their liability to the appellee, because his right to proceed against the insolvent appellant was suspended by the sureties; and in consideration of that fact they agreed to pay the judgment rendered against him, if it was affirmed.

The foregoing views are sustained by the case of Young v. Ditto, 2 J. J. M., 72. In that case Young obtained a decree against Ditto for one hundred and seventy-one dollars, against Kelso for one hundred and ninety-eight dollars, and a joint decree against both for costs. Ditto having appealed, and his appeal having been dismissed, Young brought suit on the appeal bond, which suspended the whole decree. The court said: "If all appeal and execute a joint bond, *each* will be responsible for the whole amount. If only one execute the bond, he must stand bound for the whole. The appeal is not from a part of the decree, but from the whole of it. It suspends the whole. * * * As, therefore, by the appeal of Ditto, the creditor was prevented from enforcing his decree against Kelso, Ditto is liable for the amount decreed against Kelso; and it is immaterial whether Kelso is solvent or insolvent."

The fact that the Superior Court, upon the affirmance of the case as against the sheriff, did not award ten per cent. damages on the judgment su-

perseded, does not show that the court regarded the
supersedeas bond as discharged, by reason of the
reversal of the case as to the other appellants. The
omission, as frequently occurs, was merely an over-
sight. Besides, in order to hold the sureties on a
supersedeas bond bound for the payment of the
judgment superseded, it is not necessary that the
court, upon the affirmance of the case, should award
damages. The ten per cent. which the successful party
is entitled to, upon the affirmance of the case, is in-
tended as, in a measure, compensatory for his trouble
and delay in obtaining the benefit of his judgment;
and whether the ten per cent. damages is awarded
or not, his right to hold the sureties to the super-
sedeas bond bound for the judgment, interest and
costs superseded, nevertheless, exists.

The petition and amended petition set up a cause
of action upon the supersedeas bond. It is true that
the petition alleges that the sheriff superseded the
judgment by executing the bond, with the appellees
as his sureties, and fails to allege that the other
appellants caused the bond to be executed. But
the fact appears in the preceding part of the peti-
tion that a joint judgment was obtained against the
sheriff and his sureties, and that they jointly ap-
pealed to the Superior Court; and that the case was
affirmed as to the sheriff, and reversed as to the
sureties. The body of the bond is also substan-
tially set out in the petition; and the bond itself
was filed with the petition. So, looking at all of
the allegations of the petition in reference to the
facts which led to the taking of the bond, the con-

clusion is inevitable that the bond filed is the bond described in the petition. Also, the appellant who supersedes a judgment is not required to sign the supersedeas bond. The allegation that he did sign it must, therefore, be regarded as surplusage. Then, the allegation being regarded as eliminated from the petition, it appears that the sheriff superseded the judgment by causing the bond to be executed. And as it was sought to make the appellees liable on their bond on account of the fact that the judgment had been affirmed as to the sheriff, it was unnecessary to add that the sheriff's co-appellants also caused the bond to be executed, for the reason that the allegations of the petition identified the bond filed as an exhibit, with reasonable certainty, as the bond which the sheriff and his co-appellants caused to be executed. For the foregoing reasons the judgment of the lower court is reversed, with directions to overrule the demurrer to the appellant's petition and amended petition, and to sustain the demurrer to the appellee's answer, and for further proceedings consistent with this opinion.