## Champion v. Bennett, et al.

(Decided May 16, 1924.)

### Appeal from Livingston Circuit Court.

Appeal and Error—Judgment Held Personal as Well as in Rem, and Parties Liable on Supersedeas Bond.—A judgment in action by one as executrix and individually against devisees, to settle an estate in which plaintiff asserted numerous claims in her individual capacity, held personal as well as in rem, and devisees and sureties executing supersedeas bond covering whole judgment were liable under Civil Code of Practice, sections 748, 751, though judgment did not authorize issual of execution, in view of Ky. Stats., section 1650.

L. B. ALEXANDER and C. C. GRASSHAM for appellant.

C. J. WADDILL and TRICE BENNETT for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

In 1917 W. S. Champion died testate. In his will he named his wife, Sarah E. Champion, as his executrix, and after the payment of debts and expenses he devised and bequeathed all of his property, real and personal, to her for life, and in remainder to his heirs at law.

The nominated executrix qualified and thereafter as such executrix, and in her individual capacity, filed her equitable action against the devisees in remainder for a settlement of the estate, and in that action asserted in her individual capacity numerous claims against the estate of the decedent.

Many, if not all of the claims were contested by the devisees, and after a reference to the commissioner and the filing of numerous exceptions, a judgment was finally entered establishing the validity of numerous claims against the estate in the aggregate amount of more than $8,000.00.

After thus establishing the claims of Sarah E. Champion, the judgment proceeds to adjudge that the personal estate of the decedent was insufficient to pay his debts, and directed the sale of certain stocks owned by the decedent, which the executrix, under the will, was not permitted to sell, and also adjudged that a certain tract of land, owned by decedent, of 202 acres, be sold, and that the proceeds of said stocks and the land be first subjected to the payment of the debts, and any surplus be apportioned between the holder of the life estate and the devisees in remainder.

The devisees excepted to that judgment, and prosecuted an appeal to this court therefrom, and caused to be executed a supersedeas bond whereby the enforcement of the whole of that judgment was stayed pending the appeal.

This court in March, 1921, affirmed that judgment in part and reversed the same in part, directing in its opinion the terms of the judgment to be entered. Tolly v. Champion, 191 Ky. 114.

Accordingly the lower court entered a supplemental judgment as directed by this court, and thereafter upon a sale of the stocks and the real estate, and the application of the proceeds to the payment of Mrs. Champion's debts, there yet remained unpaid of said judgment about $4,100.

This is an action by her against part of the devisees who were principals in the supersedeas bond and their sureties, wherein she is seeking a judgment against them on the bond for the balance of her judgment.

The trial court sustained a demurrer to the petition, being of the opinion that the judgment in question was not a personal judgment, but purely a proceeding *in rem* for the judicial administration of the estate, and to subject

its assets to the payment of its debts; that in as much as there was no personal judgment against the devisees, or the heirs at law, they incurred no personal responsibility by the prosecution of the appeal, or the execution of the bond, and that their sureties on the bond were liable only for such liability as the law imposed upon the principals.

This appeal involves the correctness of that ruling.

The bond is in the language of section 748 of the Civil Code, and covenants to and agrees with Sarah E. Champion as executrix, and individually that appellants

"will pay to the appellees all costs and damages that may be adjudged against the appellants on the appeal; and, also, that they will satisfy and perform the said judgment in case it shall be affirmed, or any judgment or order which the court may render, or order to be rendered by the inferior court, not exceeding in amount or value the judgment aforesaid; and, also, pay all rents, hire, or damage which, during the pendency of the appeal, may accrue on any of the property of which the appellee is kept out of possession by reason of the appeal."

It is apparent from this language that the whole of, and each and every part of, the judgment was intended to be, and was in fact, superseded by this bond.

The vital question appears to be whether there was a personal judgment for money which might have been enforced by execution if the supersedeas had not been issued, or whether the judgment as a whole was merely a judgment *in rem* subjecting the property of the decedent to the payment of his debts. For, if there was a personal judgment for specified sums of money upon which Mrs. Champion might have had an execution issued and enforced then obviously the supersedeas operated to stay her right to have this done.

The judgment in that case, so far as it has reference to the claims of Sarah E. Champion, first recites the reference to the master commissioner, the filing of his report allowing such claims, the filing of exceptions thereto by the defendants, the overruling of all such exceptions, except one specified, and then proceeds:

"It is therefore adjudged by the court that the plaintiff, Mrs. Sarah E. Champion, do have and recover her said claims, together with interest thereon at the rate of 6% per annum, as follows:

(Then follows a list of 17 different claims of different amounts and bearing interest from different dates.)

"It is now adjudged by the court that all the foregoing claims are just and valid claims against said estate . . : and that all of said claims over and above $659.58 were paid out of the individual funds of the said Mrs. Sarah E. Champion, and her said claims are hereby credited with the $659.58, the amount she received from the estate of the said W. S. Champion."

So that we have a judgment that she "do have and recover" the several specified amounts of money set forth in the seventeen different claims, and directing the time from which interest shall be counted on each of those claims, coupled with the recital that they are each just and valid claims against the estate.

Can it be doubted that if the judgment had stopped right there, and there had been no provision for a sale of the stocks and the real estate to secure the payment of these debts, this would not have been a personal judgment upon which Mrs. Champion might have had an execution issued? To be sure it was not a personal judgment against the devisees, but it was a personal judgment against the estate which might be enforced against the property of the estate, and that property belonged to the devisees in remainder.

Although the court did not in its judgment authorize the issual of an execution, it being a final judgment for definite sums of money, such an execution might have been issued under the provisions of section 1650, Kentucky Statutes. That section provides that:

"If a final judgment *in personam* be rendered in any court of record in this Commonwealth for an ascertained sum of money, with interest and cost, or for either, a *fieri facias* may issue thereon." Butler v. Jackson, 187 Ky. 555.

The fact that the court, after entering this personal judgment in favor of Mrs. Champion against her deceased husband's estate, proceeded to adjudge the sale of his property to satisfy the same, does not detract from its quality as a personal judgment; nor does the fact that a lien was adjudged and directed to be enforced affect the right of one holding such a personal judgment to have an execution issued and enforce its collection in that way.

It is apparent from what we have said that there was in the judgment not only a personal judgment on these various claims, but there was in addition a judgment *in rem* directing the subjection of certain property of decedent to its payment.

Under the provisions of section 751 of the Civil Code a supersedeas may be issued to stay proceedings on a part of a judgment, and it was not therefore necessary for the parties to supersede the whole judgment, but they might have specified only such things as they desired the supersedeas should operate upon.

Being of opinion, therefore, that there was a personal judgment in favor of appellant against the estate of her husband, the enforcement of which the supersedeas executed by the devisees and their sureties operated to prevent, pending the appeal, the lower court erred in sustaining a demurrer to the petition. Kelley v. Kelley, 183 Ky. 576; Butler v. Jackson, 187 Ky. 555; Worsham v. Lancaster, 104 Ky. 813; Bell v. Lexington, 124 Ky. 463; Maret v. Saunders, 141 Ky. 366.

The mere fact that a personal judgment is entered on an obligation, which is secured by mortgage or otherwise, does not prevent the enforcement of such judgment by the issual of an execution and levy upon the defendant's property.

None of the other questions raised are passed upon.

The judgment is reversed with directions to overrule the demurrer to the petition, and for further proceedings consistent herewith.