## Bennett, et al. v. Champion.

(Decided October 23, 1925.)

### Appeal from Livingston Circuit Court.

Appeal and Error—Entry of Judgment by Trial Court for Plaintiff After Reversal by Court of Appeals of Order Sustaining Demurrer Held Proper.—Entry of judgment by trial court for plaintiff, on ground that opinion of Court of Appeals after reversing an order of trial court sustaining defendants' demurrer was law of case was proper, though opinion on appeal decided but one issue and stated that none of other questions raised are passed upon, since defendant's answer after first appeal stated no new facts and presented the identical issue that was disposed of on first appeal.

C. J. WADDILL and TRICE BENNETT for appellants.

C. C. GRASSHAM and L. B. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is the second appeal of this case. The opinion in the first appeal is reported in 203 Ky. 393, 262 S. W. 602, where may be found a statement of the case. On its return to the lower court, the present appellants, who were the defendants in the action below, filed their answer and with it the record of the settlement suit disposed of in Tolly v. Champion, 191 Ky. 114, 229 S. W. 90, out of which this case arose. The answer and exhibits thus filed added nothing material to the issue pre-

sented and disposed of in the first appeal. The case was then submitted to the lower court for judgment, and, acting under the theory, and correctly so, that the opinion of this court on the first appeal was the law of the case, it entered judgment for the plaintiff, now appellee, in accordance with the prayer of her petition. From this judgment, this appeal is prosecuted.

Appellants, while conceding the rule of "the law of the case" insist that because at the end of the opinion on the first appeal the court said: "None of the other questions raised are passed upon," the present appeal is not concluded by the former appeal, since the issue as presented by their answer, together with the exhibits filed in its support, was different from the issue disposed of in the first appeal. The *ratio decidendi* of the opinion in the former appeal is that the judgment in the settlement suit referred to was a personal judgment as well as a judgment *in rem* on which an execution as authorized by Kentucky Statutes, section 1650, might have issued, and that as the appellants had superseded such judgment they and their sureties were liable under such supersedeas bond according to its tenor. The answer which appellants filed stated no essential facts not before this court on the first appeal and presented no issue other than whether or not the judgment in the settlement suit was a personal one on which execution might have issued. But this issue is exactly the one disposed of by the former appeal. Although other questions in the first appeal may have been reserved, yet this question was the very one passed upon and disposed of by it; hence the lower court correctly adjudged that the appellants were concluded under the rule of the law of the case and did not err in entering the judgment it did.

Judgment affirmed.