## Champion v. Dunn et al.

(Decided April 26, 1929.)

L. B. ALEXANDER for appellant.

CHAS. FERGUSON and T. C. BENNETT for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This case is another phase of the litigation involved in the cases of Tolly v. Champion, 191 Ky. 114, 229 S.

W. 90; Champion v. Bennett, 203 Ky. 393, 262 S. W. 602; and Bennett v. Champion, 211 Ky. 6, 276 S. W. 833. A very brief resume of those cases is necessary to understand the nature of the instant case.

In 1918 W. S. Champion died testate. His wife, Sarah E. Champion, the present appellant, qualified as his executrix, and as such brought suit to settle his estate. She employed the appellee, Hon. Chas. Ferguson, an attorney, to represent her in that litigation, wherein she sought to assert certain claims against the estate of her husband. In her contract of employment of Mr. Ferguson she agreed to pay him, in addition to any fee the court might as a part of the costs of the suit allow him or her for him for representing her as executrix in the settlement suit, an amount equal to 10 per cent. of the claims that should be adjudged to her, with certain additional compensation for any services he might render her in any appeal of the case to the Court of Appeals. The lower court adjudged Mrs. Champion practically all of the claims she set up, ordered the real estate left by her testator sold to satisfy those claims, and awarded Mr. Ferguson an attorney's fee of $500 for representing the executrix. The other heirs and remaindermen of Mr. Champion appealed from that judgment to this court superseding the execution of the judgment pending the appeal.

In the Tolley case this court affirmed in part and reversed in part the judgment appealed from. On return to the lower court, a judgment was entered in conformity with the ruling of this court. The land was sold, but only brought enough, after paying the costs of the litigation, to pay about 50 per cent. of the judgment Mrs. Champion had against the estate. Thereupon Mrs. Champion brought suit against the sureties on the supersedeas bond which had suspended the execution of the judgment in the Tolly case. The lower court sustained a demurrer to her petition, but on appeal this was reversed in the case reported in 203 Ky., supra. On the return of that case to the lower court the defendants therein filed their answer, and the case was then submitted for judgment. The court entered judgment for the plaintiff, Mrs. Champion, in accordance with the prayer of her petition. On the second appeal to this court that judgment was affirmed in the case in 211 Ky., supra. The sureties on the supersedeas bond thereupon through Mr. Ferguson paid to the then sheriff, the appellee, B. B. Dunn, the

amount of the execution which Mrs. Champion had had issued on the judgment against these sureties which had been thus affirmed. The sheriff then paid to Mr. Ferguson an amount which Mr. Ferguson claimed was still due him as part of his attorney's fee in the old Tolly suit, and also the sum of $124 to the appellee Hon. C. T. Bennett, which Mr. Bennett claimed by way of an assignment to him by the purchaser of the real estate in the Tolly suit of an alleged claim representing an allowance to that purchaser against Mrs. Champion by way of rent for the use by Mrs. Champion of the land sold in the Tolly suit from the time of that sale until she yielded possession to the purchaser some four months or more later.

Mr. Ferguson did not represent Mrs. Champion in the suit on the supersedeas bond. Her attorneys in that suit made due demand upon the sheriff for the full amount he had collected under the execution, but he declined to pay it, although he tendered the balance after the payments to Mr. Ferguson and Mr. Bennett above noted. Mrs. Champion receipted for the amount so tendered her through her attorneys without prejudice to her claim for the balance. Thereupon she moved the court to redocket the case affirmed in 211 Ky., and, pursuant to section 444 of the Civil Code, she made a motion against the appellee Dunn, as sheriff, to require him to pay her the balance under the execution which he had withheld from her, together with the 15 per cent. penalty provided for by section 1715 of the Statutes, which reads:

"When a sheriff or other like officer shall have received the money, or any part thereof, on any writ of execution, or other process, and shall not immediately pay the same to the party entitled thereto, or his agent or attorney, on a proper demand thereof, he and his sureties, or any one of them, or his personal representatives, heirs or devisees, shall be liable to such party for the amount collected, and fifteen per centum (15%) per annum interest thereon from such demand until paid, and the costs of recovery, legal and extraordinary.
"1. The remedy shall be by motion or action in the court whence the execution issued.
"2. Ten days' previous notice of the motion, specifying the grounds thereof, shall be given."

The sheriff in due course of time filed his response, in which Messrs. Ferguson and Bennett joined, and in

which in substance they undertook to justify the action of the sheriff in paying them the amounts above mentioned by asserting that they were in payment of just claims due them from Mrs. Champion. They then set out the facts as claimed by them, by reason of which they averred their claims to be just. A demurrer filed by Mrs. Champion to this response was overruled. She then filed a reply traversing the affirmative matter set up in this response. The case was thereupon heard by the court and jury, which returned a verdict for the appellees, and from the judgment entered on that verdict this appeal is prosecuted.

The appellees have first moved that the bill of exceptions filed in this record be stricken. We may say in passing that there is no merit in this position of appellees, but it is not necessary to discuss the matter, since we are of the opinion, which we shall presently elaborate, that the demurrer of the appellant to the response of the appellees should have been sustained. Appellees also argue that this appeal is prosecuted on a partial transcript, since the whole record in the case of Champion v. Bennett was not brought up on this appeal, but only so much of it as involves the proceedings of Mrs. Champion against the sheriff. That was all which it was necessary to bring to this court. The proceeding of Mrs. Champion against the sheriff was an independent proceeding. It could have been initiated as it was by a motion under the provisions of the Code and statute or by an action as the statute also provides. While growing out of the Champion-Bennett case, it was a proceeding independent of it. Hence there was no necessity for incorporating in the record that of the Champion-Bennett case. The clerk has certified that the whole record in this proceeding against the sheriff is before us, and, although the certificate of the clerk refers to the proceeding as "Champion v. Dunn, *et al.*," whereas the motions and pleadings filed are captioned "Champion v. Bennett, *et al.*" (italics ours), yet it is so manifest from the record that the clerk meant by her certificate the same proceedings as thus captioned by the parties that to reject this record as not being properly certified would be highly technical.

As stated, we are of opinion that the demurrer of the appellant to the response of the sheriff and his co-appellees should have been sustained. The statute above

quoted makes it mandatory upon the officer who has collected any money under an execution to pay it over to the execution creditor or his attorney on due demand. The statute does not contemplate that the sheriff shall constitute himself a court and proceed to pay out to alleged claimants against the execution creditor what they claim to be due on their alleged claims against such creditor and to force thereby the execution creditor into litigation with these claimants. If these claimants have any just claim against the execution creditor, they must set them up in litigation instigated by them, and, if in the meantime they wish to tie up the funds of the execution creditor, they must do so by an attachment or other means allowed by law. Thus will the execution creditor be protected under an attachment bond in the event the asserted claim be not a valid one for the damages he may have sustained by reason of an improvident attachment. To permit to be done what was here done would defeat the policy back of section 1715 of the Statutes, which is that the sheriff shall pay to the execution creditor or his counsel the moneys collected under executions which have been placed in his hands for such collection. To the argument that the present procedure avoids a circuity of action, the answer is that the execution creditor is entitled to the benefit of a bond in the event the claimant wishes to tie up the funds of the execution creditor during the litigation necessary to determine the validity of the claimant's demand, and the present procedure does not secure the execution creditor this valuable right. Furthermore, the execution creditor should not be forced to initiate litigation over alleged claims which may be so doubtful that the alleged claimant, if left to initiate the litigation himself with the necessity of a bond being given, would never do so. The sheriff, under the statute, has no such discretion. For these reasons, therefore, we are of opinion that the appellant's demurrer to the appellees' response should have been sustained. The judgment is therefore reversed, with instructions to sustain that demurrer to that response. We express no opinion on the merits of the claims of Mr. Ferguson or Mr. Bennett.

Whole court sitting.