## Champion v. Dunn, Sheriff.

(Decided March 11, 1930.)

L. B. ALEXANDER for appellant.

CHARLES FERGUSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Appellant placed in the hands of appellee, as sheriff of Livingston county, an execution which he collected. He failed to pay over to her $638.94 of the money, and she entered a motion against him under section 1715, Kentucky Statutes, which provides that in such cases the

defendant shall be liable to the plaintiff for the debt with interest at 15 per cent. per annum "and the cost of recovery legal and extraordinary." On the hearing of the motion in the circuit court the motion was overruled, but on appeal to this court the judgment was reversed, and the cause was remanded, with directions to enter a judgment in favor of appellant. Champion v. Dunn, 229 Ky. 148, 16 S. W. (2d) 791. On the filing of the mandate in the circuit court the plaintiff entered a motion, among other things, that the court allow her an attorney's fee of $300 to be taxed as part of the cost of the proceeding; the case had been twice tried before a jury before the appeal was taken to this court, and $300 was asked as the reasonable attorney's fee in the proceeding. The circuit court refused to allow the attorney's fee, and entered judgment for the debt, with interest and legal cost. She appeals.

It is urged that there was no motion for a new trial in the circuit court. But no motion for a new trial was necessary for no evidence was heard. The court simply overruled the motion holding that she was not entitled to any attorney's fee. Forrester v. Howard, 124 Ky. 215, 98 S. W. 984, 30 Ky. Law Rep. 375, 124 Am. St. Rep. 394. It is also insisted that this court must know that $300 is not a reasonable attorney's fee, and that the amount really in controversy is less than $200; but ordinarily the amount fixed in a pleading is the amount in controversy and controls, unless it is a sham pleading. The court is unable to say here that the amount was not fixed in good faith, in view of the fact that the case had been pending so long and had come to this court. It is also insisted that under the statute ten days' notice of the motion should have been given. But this objection was waived by the appellee entering his appearance to the motion. The language of the statute "the costs of recovery, legal and extraordinary" must mean that some costs in addito the legal cost may be recovered. The statute must be liberally construed to promote its purposes. Kentucky Statutes, sec. 460. Its clear purpose was to protect the plaintiff in the execution from loss, where the sheriff failed to pay over the money on an execution and the plaintiff had to resort to a motion against him. There is no cost in such a proceeding more naturally following the sheriff's default than the cost of employing an attorney to represent the plaintiff in the matter. The attorney's fee is extraordinary cost and is not only within the letter

of the statute, but is within its plain purpose, which was to make the plaintiff in such cases whole. Appellant, however, is only entitled to a reasonable attorney's fee. In view of the amount in controversy and all the facts, this court fixes the reasonable attorney's fee at $100, and, on the return of the case, judgment will be entered in favor of appellant therefor. In other respects the judgment rendered is correct.

Judgment reversed, and cause remanded for a judgment as above indicated.