# Champion v. Ferguson.

(Decided January 23, 1931.)

L. B. ALEXANDER for appellant.

CHARLES FERGUSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Mrs. Champion has appealed from a judgment entered on a directed verdict of $514.94 and interest returned against her. On August 4, 1919, Mrs. Champion signed and gave to Ferguson this contract: "I have employed Charles Ferguson as my attorney and give him full authority to manage my suit now pending in the Livingston Circuit Court wherein I am plaintiff and Roy Bennett and others are defendants and I authorize him to make any settlement he may deem fair, just and best to make in said case and for his services in addition to any fee the court may allow him I promise and agree to pay him a sum equal to 10% of the amount of the claims adjudged to me in said action and in case the defendants or any of them prosecute an appeal to the Court of Appeals I authorize the said Charles Ferguson to represent me in the said Court and take such steps in said Court as may appear to him necessary and proper and for his said service I promise and agree to pay him a

sum equal to the amount of any penalties adudged in said court to me.''

In that litigation Mrs. Champion recovered a judgment against her husband's estate. The heirs of her husband superseded that judgment, and on appeal to this court only a few of her claims were disallowed. See Tolly v. Champion, 191 Ky. 114, 229 S. W. 90. Upon return of the case, the court entered a judgment in her favor for $10,507.90. The land was sold and brought less than required to pay this judgment. The court allowed Ferguson, so it is claimed, a fee of $500, which was taxed as costs. Ferguson for some unexplained reason, in December, 1921, was paid $636 and not $500. That left $5,393.43. Ferguson was paid 10 per cent. of this, or $539.34, which would leave $4,854.09 to be paid Mrs. Champion, but she was paid then only $4,822.64, and this shortage of $31.45 is unexplained. At this point Ferguson's activities in behalf of Mrs. Champion ceased. She secured other counsel, who for her sued upon the supersedeas bond to recover the unpaid portion of her judgment, and that action came to this court twice. See Champion v. Bennett, 203 Ky. 393, 262 S. W. 602, and Id., 211 Ky. 6, 276 S. W. 833. An execution was then issued upon the judgment against these sureties, whereon the sheriff collected $5,640.24. Again Ferguson became interested, and, recalling that Mrs. Champion had been adjudged claims against this estate amounting to $10,507.90, of which he claimed 10 per cent., or $1,050.79, was due him, under this contract, upon which claim he had been paid only $535.85, as he claimed (as a fact though he had been paid $539.34), he deducted this $535.85 from $1,050.79 and made a claim against Mrs. Champion for a balance due him of $514.94, which he induced the sheriff to retain and hold out for him. This and another claim of about $124 made a total of $638, which brought this controversy to us again. See Champion v. Dunn, 229 Ky. 148, 16 S. W. (2d) 791.

On April 26, 1929, we decided the sheriff had no right to hold this money for these parties, and on May 2, 1929, Ferguson began this action by suing Mrs. Champion for $514.94, with interest from December 13, 1921, which he asserted to be the balance due him upon this contract, and in his petition he made this allegation: ''This is an action for the recovery of money due upon a contract and the defendant, Mrs. Sarah E. Champion, has

no property in this state subject to execution and the collection of this demand and claim will be endangered (the statutory words "by delay" being omitted), in obtaining judgment or a return of no property found."

Ferguson gave bond, and several attachments were issued. Mrs. K. D. Love, clerk of the Livingston circuit court, on September 10, 1929, answered that she had no funds in her hands on May 18, 1929, the date the attachment was served on her. No alias attachment was served on her, but on December 5, 1929, she made this report: "Comes Mrs. K. D. Love, clerk of the Livingston Circuit Court, and now reports that she has in her hands the sum of $705.66 paid to her by Charles Ferguson for B. B. Dunn, former sheriff against whom the defendant recovered judgment, this being the claim of Charles Ferguson for $514.94 sued about with interest and which is held by me under orders of this court and subject to its orders and which was paid to me since last term of this court."

On September 5, 1929, Mrs. Champion filed an answer, which she thereafter amended, in which answer, as amended, she admitted she employed Ferguson to bring suit for her, but alleged the suit was to be brought for her as a creditor of her husband to settle his estate, and alleged that he was then representing her in her individual capacity, that the court should not have allowed him the fee of $500 which was paid him by the master commissioner, as he rendered no services to the estate; hence she asks that this money so paid be credited upon the contract sued on. She pleaded that, after the master commissioner made his distribution in December, 1921, she went to the office of Ferguson and offered to pay him any balance due him, and he advised her she owed him nothing, that he could collect nothing further for her, and that he rendered her no further services; that she then settled with him in full, and she employed other attorneys, through whose sole efforts the further collections for her were made, and she denied the grounds of attachment. The reply of Ferguson controverted the answer.

Mrs. Champion testified that, when she saw Mr. Ferguson in his office on December 13, 1921, he told her she did not owe him anything, that she would never get any more, and that "he said he was done." She offered to testify that he rendered her no further services, but an objection thereto was improperly sustained, and that

is put in the record by avowal. We shall state later our reason for saying this. She testified Ferguson never thereafter sent her a bill.

Mr. Ferguson in his testimony says this: "When she received her money, she did come to me and wanted to pay me what she owed me under the contract, but I told her that would be all right that the Master Commissioner would pay me." He admitted he never after December, 1921, sent Mrs. Champion a bill, and did not deny what she testified he had said indicating that he proposed to take no further part in the matter.

We will now go back to the contract. For the purpose of this opinion, we have conceded but not decided that under it Ferguson was entitled to 10 per cent. of whatever was adjudged to Mrs. Champion, and was entitled to $1,050.79. He had received only a part of it, and there was, so he claims, $514.94 yet due him. Mrs. Champion also had certain rights under this contract; she was entitled to the services of Ferguson until the close of this matter. The way to the close then looked long and arduous; it has certainly proven so, for, in addition to the appeals already noted, this controversy came here another time. See Champion v. Dunn, 233 Ky. 366, 25 S. W. (2d) 1023.

Ferguson perhaps had some prevision of all this and preferred to waive his claim to the $514.94 that might be yet due him rather than carry out his part of the contract and complete for Mrs. Champion the labor he was under contract to do for her. He proposed to abandon his rights under the contract and render Mrs. Champion no further services. The effect of what he said and did was the same as if he had said to her. "Let's quit here and call all matters between us settled." While informally and irregularly done, that was what these parties agreed on. Their conduct since shows this. They were both sui juris and capable of contracting. They had a right to conclude and settle the matters between them arising out of this contract, and they did. In this view of the case the offered evidence of Mrs. Champion mentioned above was improperly excluded.

This is not like the case of Mr. A accepting $100 in full settlement of a judgment for $500 against Mr. B. There was a consideration here. Ferguson's escape from his contract obligation to complete the services he had undertaken to render Mrs. Champion fully supported

his agreement to accept less than was due him. This whole matter was settled by Ferguson and Mrs. Champion on December 13, 1921, when he told her she owed him nothing more, that he could get no more for her, and he was done. The court directed a verdict in favor of the wrong party. Mrs. Champion was entitled to such a verdict, and not Ferguson, and upon the next trial, if the pleadings and evidence are substantially the same the court will so instruct the jury, but if these things are then substantially different the court will give such instructions as may be required by the circumstances then. There is now no need to pass on the other questions, and we reserve them.

The judgment is reversed.