## Tuttle et al. v. Irvine Const. Co.'s Receiver.

(Decided Jan. 28, 1936.)

SHUMATE & SHUMATE for appellants.

CLARENCE MILLER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

A. M. Clark, as receiver of the Irvine Construction Company, brought this suit against Joseph Tuttle and P. B. Neal to recover on a supersedeas bond. The facts pleaded are, in brief, as follows: Clark, as receiver of the Irvine Construction Company, sued Homer Tuttle in the same court to recover $1,000 for the rental of certain machinery. Trial was had, and he recovered a verdict and judgment for $884.12. Homer Tuttle was granted an appeal from the judgment, and on February 17, 1933, executed a bond with P. B. Neal and Joseph Tuttle as sureties, which was approved by the clerk of the court, and by which the defendants covenanted that said Homer Tuttle should pay the plaintiff all costs and damages that should be adjudged against said Homer Tuttle on said appeal, and would satisfy and perform the said judgment if it should be affirmed, and also any judgment or order which the Court of Appeals might render or order to be rendered by the inferior court not exceeding the amount or value of the judgment, etc. Thereupon, on the ——

day of February, an order was duly made and issued by which the clerk of the court commanded plaintiff and all others to stay proceedings on said judgment of which plaintiff received notice on the —— day of February, 1933. On or before October 3, 1934, the Court of Appeals issued a mandate on said appeal reversing said judgment to the extent of $121.12, but in all other respects affirming same. Said judgment was credited with the sum of $121.12 as of the date of the judgment, and by said mandate plaintiff was entitled to recover of the defendants the sum of $763, with interest thereon from the 17th day of February, 1923, until paid and his costs. By said order of supersedeas he was prevented from proceeding by a writ of fieri facias upon the judgment, and no part thereof has been paid or satisfied by defendant or the said sureties. The sureties Neal and Tuttle moved the court to require plaintiff to file the mandate and opinion of the Court of Appeals, and a copy of the supersedeas bond, and to fill the blanks in the petition. This motion was not acted on, but plaintiff filed a certified copy of the supersedeas bond. Two or three days later the sureties filed a general demurrer to the petition, and without waiving the same, filed an answer. In the first paragraph they denied that the case of Homer Tuttle, appellant, against A. M. Clark, receiver, was reversed in part, and alleged that the same was reversed generally. They also denied the insolvency of Homer Tuttle. In paragraph 2 they alleged that they were not liable on the supersedeas bond and that no judgment should be rendered against them. They also alleged that the original action was reversed by the Court of Appeals and filed with the answer a certified copy of the mandate reading as follows:

"The court being sufficiently advised, it seems to them the judgment herein is erroneous. It is therefore considered that said judgment be reversed and cause remanded for proceedings not inconsistent with the opinion herein."

In the third paragraph of the answer the following facts are pleaded: After the opinion of the Court of Appeals in the case of Homer Tuttle v. Irvine Construction Company's Receiver, 253 Ky. 538, 69 S. W. (2d) 1034, 1037, was rendered on March 23, 1934, A. M. Clark, as receiver of the Irvine Construction Company,

filed a motion in the Court of Appeals to modify or revise the mandate so that the same would not release the sureties on the supersedeas bond, and would not release the defendants from the 10 per cent. damages thereon. The motion was overruled, and, by virtue of said motion and the orders of the Court of Appeals, it was adjudicated by that court that the defendants were not liable on said supersedeas bond for any amount of the judgment or costs, and said action was relied on as a bar to the prosecution of the present action. The demurrer to each paragraph of the answer was sustained, the demurrer to the petition was overruled, and, the defendants having declined to plead further, judgment was rendered in favor of the plaintiff for $763, with 6 per cent. interest from February 17, 1933, and costs.

We shall first consider the sufficiency of the petition. Under our Code the sureties on a supersedeas bond are liable, not only if the judgment be affirmed but on any judgment or order which the Court of Appeals may render or order to be rendered by the inferior court, not exceeding in amount or value the original judgment. Section 748, Civ. Code Prac.; White v. White, 151 Ky. 96, 151 S. W. 1. It is also the rule that, for the purpose of determining the effect of a judgment of this court, the mandate must be considered in connection with the opinion preceding it. Watson v. Avery, 3 Bush, 635; Brock v. Harlan County, 252 Ky. 599, 67 S. W. (2d) 955. By the express provisions of the Code it is not necessary to plead facts of which judicial notice is taken. Section 119, Civ. Code Prac. Where a case is tried below, appealed to this court and remanded to the lower court, that court, on the filing of the mandate, as well as this court, will take judicial notice of this court's opinion not only in the pending action, but in another action in the same court to recover on the supersedeas bond. Brashears v. Frazier, 110 S. W. 826, 33 Ky. Law Rep. 662; Board of Education of Cumberland County v. Jones, 194 Ky. 603, 240 S. W. 65. The opinion reads:

"The judgment is reversed, with directions to credit the $1,000 by the $100 paid on December 14, 1932, the $50 by check, and the $100, less $13 telephone bill, as of the date of their respective payments. Wherefore, to this extent the judgment is reversed."

When the mandate is considered in connection with the opinion, there is no basis for the contention that the judgment was reversed generally. On the contrary, it was reversed, with directions to credit it with certain payments, and to that extent only, with the necessary result that the judgment was affirmed in other respects, and when so credited, was a judgment ordered to be rendered by this court. In the circumstances, the allegation that the Court of Appeals issued a mandate on said appeal reversing said judgment to the extent of $121.12, but in all other respects affirming same, is substantially true. We therefore conclude that the allegations of the petition were sufficient to show liability on the bond to the extent of $763, interest and costs.

It remains to determine whether the answer presented any defense. The first paragraph of the answer denies that the original judgment was reversed in part, but alleges that it was reversed generally. It will thus be seen that the paragraph challenges only the legal effect of the mandate. For the reason heretofore given the allegations are at variance with the mandate, considered in connection with the opinion, and are therefore clearly insufficient.

In paragraph 2 of the answer the sureties merely alleged that they were not liable on the supersedeas bond, and that no judgment should be rendered against them, and further alleged that the action was reversed by the Court of Appeals and filed a copy of the mandate. This paragraph also pleaded only an incorrect construction of the mandate, considered in connection with the opinion, and was therefore insufficient.

The facts relied on in the third parapraph are: After the original opinion was delivered, the receiver moved the Court of Appeals to modify or revise the mandate so that same would not release the sureties on the supersedeas bond or release the defendants from 10 per cent. damages thereon. The motion was overruled. By virtue of the motion and the order overruling same, it was adjudicated by the Court of Appeals that the defendants were not liable to any extent upon the supersedeas bond, and they relied on the order as a bar to the prosecution of this action. There might be merit in this contention if the mandate and opinion had imposed no liability on the principal and sureties in the supersedeas bond and this court had refused to mod-

ify the mandate so as to impose liability. But that is not the situation. The motion was overruled, for the sole reason that, by virtue of the mandate and opinion, the principal and sureties were already liable on the supersedeas bond, and no further action was needed in order to prevent their release.

Judgment affirmed.