# Gross v. Ball.

(Decided March 23, 1937.)

B. M. LEE for appellant.
E. H. JOHNSON and J. C. BAKER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Clinton C. Ball, Democratic nominee, and John B. Gross, Republican nominee, were rival candidates for the office of jailer of Harlan county at the general election held in November, 1933. Ball was awarded the certificate of election and Gross instituted a contest. Ball denied the allegations of the petition and pleaded counter grounds of contest. On final hearing it was adjudged that contestant's petition be dismissed and contestee recover his costs, and that contestee's counter contest be dismissed and that he pay the costs incident thereto. From that part of the judgment dismissing his petition with costs, contestant appealed, and with C. P. Gross, as surety, executed a supersedeas bond in conformity with section 748, Civil Code of Practice, reading as follows:

"A supersedeas shall not be issued until the appellant cause to be executed before the clerk of the court which rendered the judgment, or the clerk of the Court of Appeals, by one or more sufficient sureties, to be approved by such clerk, a bond to the effect that the appellant shall pay to appellee all costs and damages that shall be adjudged against

the appellant on the appeal; also, that he will satisfy and perform the judgment appealed from, if it should be affirmed, and any judgment or order which the Court of Appeals may render, or order to be rendered by the inferior court, not exceeding in amount or value the original judgment, and all rents, or hire, or damages to property, during the pendency of the appeal, of which the appellee is kept out of possession by reason of the appeal.''

On the filing of the appeal, Ball moved for and was granted a cross-appeal from that portion of the judgment dismissing his counter contest with costs. The court was of the opinion that the judgment dismissing the petition was proper, but that the lower court erred in dismissing Ball's counter contest and adjudging that he pay the costs incident thereto. Accordingly, the judgment was affirmed on the appeal and reversed on the cross-appeal, with directions to enter judgment in conformity with the opinion. Gross v. Ball, 258 Ky. 730, 81 S. W. (2d) 409.

This action was brought by Ball against John B. Gross and C. P. Gross as surety to recover Ball's costs in the lower court, amounting to $330.75. C. P. Gross demurred to the petition, and his demurrer was overruled. Thereupon he filed an answer and an amended answer, to both of which a demurrer was sustained. Having declined to plead further, judgment for the amount sued for with interest was rendered against C. P. Gross. The case is before us on motion for an appeal.

That John B. Gross, appellant on the former appeal, is liable for the costs incurred in the lower court by Ball and adjudged against John B. Gross on the cross-appeal, there can be no doubt, but the question is: Is C. P. Gross, the surety on the supersedeas bond, liable? In support of the affirmative attention is called to section 748, Civil Code of Practice, supra, providing for ''a bond to the effect that the appellant shall pay to appellee all costs and damages that shall be adjudged against the appellant on the appeal; also, that he will satisfy and perform the judgment appealed from, if it should be affirmed, and any judgment or order which the Court of Appeals may render, or order to be rendered by the inferior court, not exceeding in amount or value the original judgment,'' etc., and to

our opinions, such as Tuttle v. Irvine Const. Co.'s Receiver, 262 Ky. 361, 90 S. W. (2d) 359; White v. White, 151 Ky. 96, 151 S. W. 1, applying and construing the Code provision. The difficulty with the argument grows out of the fact that the Code provision deals only with appeals and not with cross-appeals. The surety on the supersedeas bond merely covenants that appellant will pay to appellee all costs and damages that shall be adjudged against the appellant on the appeal, and that he will satisfy and perform the judgment if it should be affirmed, or a judgment for less amount if directed to be entered. He does not covenant that appellant will pay all costs, or satisfy whatever judgment may be rendered against appellant on a cross-appeal if one be granted. Indeed, cross-appeals are generally prosecuted for the purpose of obtaining additional relief, and the further fact that the Code deals only with costs on the appeal and limits the judgment which the Court of Appeals may render, or order to be rendered, to a sum not exceeding in amount or value the original judgment, makes it clear that the surety is not liable on any judgment which may be rendered or ordered to be rendered on the cross-appeal. It follows that the demurrer to the petition should have been sustained, and that the demurrer to the answer and amended answer should have been overruled.

Wherefore, the appeal is granted, and the judgment is reversed and cause remanded for proceedings not inconsistent with this opinion.