# Paul v. Fidelity & Deposit Co. of Maryland.

March 3, 1939.

KING SWOPE, Judge.

S. S. WILLIS and A. M. HALL for appellant.

HUNT, BUSH & LISLE for appellee

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

W. C. Massie died testate, a resident of Fayette County, on January 1, 1922, and the Security Trust Company of Lexington, as his executor, filed suit on July 8, 1922, for a settlement of his estate. In this suit the heirs at law, devisees and creditors of W. C. Massie were defendants. The appellant, Sarah McMillan Paul, filed certain claims against the estate before the Commissioner, which were disallowed by judgment of the trial court on January 7, 1928, by which judgment the executor was ordered to distribute the estate.

Appellant prosecuted an appeal to this court and on May 27, 1930, mandate of this court was issued reversing that judgment. Pursuant to the mandate, judgment was entered by the lower court on June 13, 1930, against the executor of W. C. Massie to be recovered from assets in its hands, the amount of the judgment being $17,500 with interest from September 1, 1922. The opinion of this court on that appeal is reported in McMillan v. Massie's Ex'r, 233 Ky. 808, 27 S. W. (2d) 416.

On June 14, 1930, appellant filed a motion for a rule against the heirs at law and devisees to require them to refund out of amounts paid to them by the executor a sum sufficient to pay her judgment and on the same day filed answer, counterclaim, and cross-petition, in which she sought personal judgment against the heirs at law and devisees for the amount of her judgment to the extent of assets received from the estate by each of them. This motion for a rule was heard by the court and denied on November 29, 1930; the order denying the rule also struck from the files appellant's answer, counterclaim and cross-petition.

Summons had been issued on the answer, counterclaim and cross-petition against the heirs at law and devisees, but as to twelve of them, namely, Florence Ogden Schoen, Bettie Ogden Culwell, Eliza Pearl Pendleton, Elizabeth Massie Russell, Lallie M. Bendell, Virgie Ward, Carl Miller, James Miller, Robert Miller, Joseph Miller, William Miller and Charles Miller, the summons was returned "not found." None of these parties was thereafter brought before the court on the answer, counterclaim and cross-petition.

On January 10, 1931, appellant filed in the Fayette Circuit Court an independent action against a number of the heirs at law and devisees of Massie, but the above named twelve heirs were not made parties and were never brought before the court in the independent action.

By order of July 3, 1931, this independent action was consolidated with the original action for the settlement of the Massie estate and by this same order, the previous order striking appellant's answer, counterclaim and cross-petition from the files was set aside and this pleading was reinstated.

In the consolidated actions the trial court, on July 16, 1932, rendered judgment against the heirs who had been summoned on the petition filed in the independent action, this judgment providing that the whole of the judgment in favor of appellant for $17,500 and interest from September 1, 1922, might be collected from ten of the heirs at law who had been summoned on the petition in the independent action, to the extent of assets received from the estate by each of them. The exact amount received by each and the extent to which each heir was liable for the judgment was set out in the

judgment ranging from $3,288.46 up to the full amount of the judgment.

In this same judgment the trial court dismissed the answer, counterclaim and cross-petition of appellant against the twelve above named heirs, insofar as this pleading sought personal judgment against them, because they had not been served with process thereon.

The ten heirs against whom judgment was rendered to the extent of assets received by them from the Massie estate took an appeal from this judgment and executed a supersedeas bond on which supersedeas was issued July 22, 1932. This bond recites in substance that the appellants (naming the ten heirs against whom judgment was rendered) were about to take an appeal from a judgment rendered against them for $17,500 with interest from September 1, 1922, subject to certain credits with provisions in the judgment that it may be collected as follows (here is specified the extent to which each of the ten is liable for the whole judgment). The obligation of the bond follows and is in substance as provided by Section 748, Civil Code of Practice:

> "Now Fidelity and Deposit Company of Maryland, a corporation, incorporated under the laws of Maryland, hereby covenants with and to the said appellee, Sarah McMillan Paul, that the said appellants will pay to the said appellee all costs and damages that may be adjudged against the appellants on the appeal; also that they will satisfy and perform the said judgment, or the part above recited, if it should be affirmed, and any order or judgment which the Court of Appeals may render or order to be rendered by the Inferior Court, not exceeding in amount or value the original judgment, and also pay all damages the said appellee, Sarah McMillan Paul, may sustain by reason of the appeal."

The appeal was duly prosecuted by these ten heirs and on April 15, 1936, mandate of this court was issued reversing the judgment. The opinion on that appeal is found in 263 Ky. 183, 92 S. W. (2d) 11, 18, and the concluding paragraph of the opinion, which is embodied in the mandate, is as follows:

> "Wherefore, the judgment is reversed, with directions to the court to enter a judgment in favor of Sarah McMillan Paul against each of the heirs, de-

visees, and legatees of Massie, limiting her recovery against each to the proportionate part of the excess paid each of them, respectively, over and above the sum to which they were respectively entitled, and for proceedings consistent with this opinion.''

On July 3, 1936, the trial court, pursuant to the mandate, entered judgment against the ten heirs who took the appeal, ''limiting appellant's recovery against each of them to the proportionate part of the excess paid each of them respectively over and above the sum to which they were respectively entitled.'' Each of these ten heirs at law has paid in full this judgment. In this judgment it is recited that the court withholds judgment and takes further time as to the right of appellant to judgment against the twelve above named heirs who were not parties to the appeal; but on June 26, 1937, judgment was entered against these twelve, ''limiting appellant's recovery against each of them to the proportionate part of the excess paid each of them respectively over and above the sum to which they were respectively entitled,'' the amount for which each was liable on the judgment ranging from $359.12 to $2,611.88, the aggregate of the several liabilities of the twelve being slightly in excess of $15,000.

On July 9, 1937, appellant filed the present action in the Fayette Circuit Court against appellee to recover of it on the supersedeas bond above mentioned the aggregate sum of $15,470.63, and interest from July 20, 1936. The facts as outlined above appear in the various pleadings filed by the respective parties, most of them appearing in appellee's answer. The cause was submitted on the pleadings showing all these facts and the trial court, being of the opinion that appellee was liable on the supersedeas bond only to the extent of judgment rendered against the ten heirs for whom it signed the supersedeas bond, dismissed appellant's petition, as the amounts for which judgment was rendered against those ten heirs had been paid. From the judgment dismissing her petition appellant prosecutes this appeal.

It is appellant's theory that as the obligation of the supersedeas bond was that appellants would satisfy ''any order or judgment which the Court of Appeals may render or order to be rendered by the inferior court,'' the appellee is liable thereon for the judgment entered by the lower court, pursuant to the mandate of

this court, against the twelve heirs who were not parties to the appeal or to the bond. Cited in support of her contention are Hobbs v. King, 3 Metc. 249; White v. White, 151 Ky. 96, 151 S. W. 1; Tuttle v. Irvine Construction Company's Receiver, 262 Ky. 361, 90 S. W. (2d) 359; Gilpin v. Hord, 85 Ky. 213, 3 S. W. 143, 8 Ky. Law Rep. 904; Brown v. Brown, 33 S. W. 830, 17 Ky. Law Rep. 1143; Bridgford v. Fogg, 14 S. W. 600, 12 Ky. Law Rep. 570; Young v. Ditto, 2 J. J. Marsh. 72; and Champion v. Bennett, 203 Ky. 393, 262 S. W. 602.

In no one of the first six cases mentioned was the surety on the supersedeas bond held liable for a judgment ordered to be rendered against any party to the action who was not an appellant and principal in the supersedeas bond. The principle announced in all those cases is that the surety on the supersedeas bond is liable on the bond for any judgment ordered to be rendered against the principals in the bond or any one of them.

In Champion v. Bennett, supra, judgment was entered in the lower court for Sarah E. Champion against the estate of W. S. Champion, of which she was the executrix, and a sale of certain stocks and a tract of land owned by the decedent was ordered so that the proceeds might be applied to the payments of the debts adjudged. The devisees prosecuted an appeal and executed a supersedeas bond whereby the enforcement of the entire judgment against the estate was stayed pending the appeal. The surety on the supersedeas bond was held liable for the judgment because the collection of the judgment was stayed by the execution of the bond, the basis of the decision being that judgment was in reality a personal judgment in appellant's favor against the estate of her husband, and the obligors on the supersedeas bond were liable because the personal judgment against the estate of her husband had been stayed by the execution of the bond. In Young v. Ditto, supra, the holding was that where a judgment is joint, if one appeals and executes the bond, he must be bound for the whole. In no case cited do we find that this court has ever held a surety on a supersedeas bond, executed for the purpose of superseding a several judgment, liable for any judgment rendered or ordered to be rendered against any several judgment debtor who was not a principal in the supersedeas bond and who did not take an appeal from the judgment and against

whom no appeal was prosecuted by the judgment creditor.

In the case at bar, there was a personal judgment against Massie's executor, but the collection of this judgment was not stayed by the execution of this supersedeas bond. The judgment ordered to be rendered by the lower court on the second appeal of the case, and actually rendered by it, was a several judgment against each of the heirs, limiting the amount of the liability of each on the judgment to the excess received by each over and above the sum to which each was respectively entitled. It is true that the judgment recites the entire amount of the original judgment rendered in behalf of appellant against Massie's executor, but it specifies with great particularity the exact amount of that judgment for which each heir and devisee is liable and is unquestionably a several judgment against each of them and in no wise a joint judgment.

It seems clear that the supersedeas bond here executed did not include any covenant or agreement on the part of the principals or surety in the bond to satisfy any order or judgment ordered to be rendered against any person except the principals in the bond. It was carefully recited in the bond the extent to which each of the ten heirs who took the appeal were liable for the payment of the judgment and it was further recited therein, as the judgment provides, that it was a several liability against each of the ten appellants from which this appeal was being taken. The supersedeas issued on the bond did not stay proceedings on the judgment rendered against Massie's executor, except to the extent that liability was asserted severally against each of the principals in the bond. Appellant was at liberty, notwithstanding the supersedeas, to institute proceedings or take any steps against Massie's executor or against the twelve non-party heirs of Massie to collect from the estate the entire amount of the judgment or to collect from the twelve heirs not principals in the supersedeas bond that part of the judgment for which they were liable.

For these reasons, the lower court was correct in adjudging that appellant was not liable on the supersedeas bond for the amounts severally adjudged against the twelve heirs who were not parties to the second appeal, and the judgment is therefore affirmed.